CHARLOTTE BEAN, executrix, & others *vs.* COMMONWEALTH.

Middlesex.    March 3, 1904. — September 6, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Trust.    Executor.*

Where the effect of the provisions of a will is to subject property in the hands of an executor to certain trusts, and no trustee is named, the executor on qualifying as such holds the property as trustee.

An executor, who as such under the terms of a will holds property in trust for his own benefit during a certain term with authority at the end of the term, or sooner at his discretion, to sell the property and distribute the proceeds among himself and others, takes as executor a fee in the real estate thus held.

The owner of a wharf property, with sheds and buildings thereon, who carried on a coal, hay and grain business there, died leaving eight children, and by his will appointed his daughter C. executrix, and directed and authorized her as executrix to carry on his business for five years, or for any shorter term she might deem best, at the risk of his estate for her own benefit, she paying personally for repairs, insurance and taxes, and directed that at the end of the five years she should sell the business and the land and buildings and distribute what then remained of his real and personal estate equally among all his children. The testator's daughter C. qualified as executrix. She was not named as trustee in the will and was not so appointed by the Probate Court. While she was carrying on the business under the terms of the will, the land and buildings were taken by the metropolitan park commissioners under St. 1893, c. 407. On a petition by C. as executrix and by her and the other children of the testator individually for damages under that act, it was *held,* that the property vested in C. as trustee by virtue of her appointment as executrix, and that holding the property in fee she as executrix alone could prosecute the petition for damages.

PETITION, filed November 11, 1901, by Charlotte Bean, executrix under the will of James Bean, late of Medford, and by the said Charlotte individually and seven other persons, her brothers and sisters, all children of James, for damages under St. 1893, c. 407, for the taking by the metropolitan park commissioners of certain wharf property on Mystic River.

At the trial in the Superior Court *Bishop,* J. excluded certain evidence against the objection and exception of the petitioners Elizabeth Bean Lane, James Harvey Bean and Arthur Benjamin Bean, and ruled that Charlotte Bean, in her capacity as executrix under the will of James Bean, was the only person entitled to maintain a petition to recover damages for the taking

of the land as alleged in the petition. He ordered a verdict for the respondent as against Elizabeth, James and Arthur above named, and ordered a verdict for the petitioner Charlotte Bean in her capacity as executrix in the sum of $20,000. The petitioners Elizabeth, James and Arthur alleged exceptions.

The material portions of the will of James Bean were as follows:

"Seventh: I authorize and direct my said daughter, Charlotte Bean, as executrix, to carry on my business of selling coal and grain and other articles at my wharf off 50 Main Street, in said Medford, for the term of five years from my decease, or for any shorter term from my decease, according as she in her uncontrolled discretion may deem best. In order to furnish her, the said Charlotte, with the capital necessary for the carrying on of said business, I direct that she have the two funds or sums arising from the above mentioned sale of my lot on Salem Street, and from the collection or sale of the said William P. Treat mortgage, all of the two said funds or sums to be used as the said Charlotte, in her uncontrolled discretion, shall deem best, in the conduct of said business. And if she considers it necessary at any time to have more capital for carrying on said business, I hereby authorize and direct her, in her discretion, to apply the assets of my estate so far as needed for that purpose. In the conduct of said business, and in the matter of the receipts and disbursements made in connection with or in the course of said business, it is my will that the said Charlotte shall have absolute power, uncontrolled by any one, and without accounting to any one. And said business shall be carried on at the risk of my estate, and not at the risk of said Charlotte personally. I direct that the said Charlotte at her own personal expense, shall keep the buildings at said number 50 Main Street in repair, and maintain the personal property in use in said business in as good condition reasonable wear and tear excepted as the same may be in at my decease, and that she pay the insurance and taxes on the said premises so long, only, as she carries on the said business. I direct that the profits, if any, of said business for the said term of five years, or, if discontinued before five years, then for such shorter term, shall belong absolutely to the said Charlotte personally. The said Charlotte may, at any time before the ex-

piration of the said five years, discontinue the said business, if she in her uncontrolled discretion, sees fit so to do. I direct that she be required to pay no rent for said premises used for my business, nor compensation for the use of the personal property used in carrying on the same.

" Eighth: At the end of five years from my decease, I direct my said executrix to sell the assets and good will of the said business and to sell the said premises number 50 Main Street. And I direct that the proceeds of the sale of the assets and good will of said business, and of said land and building, and what may then remain of my real and personal estate, shall be divided equally among all my children, namely, Charlotte Bean, Mary Wilson, Elizabeth Lane, George H. Bean, James Harvey Bean of Pocatello, Idaho, Arthur Benjamin Bean, of Pocatello, Idaho, Frank E. Bean, of Chicago, Illinois, and Charles E. Bean, of Charlestown, Massachusetts, the issue of any deceased child to take by representation the share which that child would have received if living at the time above fixed for the distribution. If the said Charlotte should die before the expiration of the said term of five years from my decease, I direct that the assets and good will of the business and the land and buildings at said 50 Main Street be sold as soon as may be, and that the distribution as above set forth be made at once.

" I nominate my said daughter, Charlotte Bean, to be the executrix of this will, and I request that she may be exempt from giving a surety or sureties on her bond as such executrix, or on any bond or bonds that may be required of her."

*T. W. Proctor*, for the petitioners Elizabeth B. Lane, James H. Bean and Arthur B. Bean.

*R. G. Dodge*, Assistant Attorney General, for the Commonwealth.

MORTON, J. This is a petition for the assessment of damages for the taking, by the metropolitan park commissioners, of certain lands in Medford under St. 1893, c. 407. The date of the taking was November 29, 1899. The land formerly belonged to one James Bean, and consisted of wharf property on Mystic River, with sheds, buildings, etc., where he had carried on for many years a coal, hay and grain business. James Bean died testate June 19, 1899. His will was duly proved, and his daughter

Charlotte was duly appointed executrix. The petitioners are all the heirs at law, next of kin and devisees of James Bean, and the petition is signed by Charlotte Bean as executrix as well as in her individual capacity. The question is whether Charlotte Bean as executrix has the right to maintain a petition to recover damages for the land taken and to settle the case as seems to her advisable, or whether the petition should be brought and prosecuted by the heirs at law and next of kin. The judge ruled that Charlotte Bean in her capacity of executrix was the only person entitled to maintain the petition, and directed a verdict for her as executrix in the sum of $20,000, the amount agreed upon in settlement between her and the Commonwealth if she had the power to settle, and directed a verdict for the Commonwealth as against the other petitioners. The case is here on exceptions by three of the petitioners to these rulings, and also to certain rulings in regard to the exclusion of evidence which become immaterial if the ruling that Charlotte is the only person entitled to maintain the petition is right.

We think that the rulings were right. Without reciting here the provisions of the will, it seems to us that the effect of them is to vest the property in Charlotte Bean as trustee by virtue of her appointment as executrix. She is not named in the will as trustee and has not been so appointed by the Probate Court. But it is not necessary to constitute her a trustee that she should have been so named or appointed. If the effect of the provisions of the will is to subject the property in her hands as executrix to certain trusts to be carried out by her she will be deemed to hold the property as trustee by virtue of her appointment as executrix. *Carson* v. *Carson*, 6 Allen, 397. And we think, as already observed, that such is the effect of the disposition of the property by the will. She is given power to carry on the business in her uncontrolled discretion at the expense of and with funds belonging to the estate for her own benefit for five years or such shorter time as she may choose, and is given the absolute and entire beneficial use of the property in question subject only to the payment of taxes, repairs and insurance during that time. At the end of five years she is directed to sell the property and divide the proceeds equally amongst the testator's children, including herself, the issue of any deceased child taking by right

of representation the share which that child would have taken if living at the time of distribution.   And if she should die before the expiration of the five years then the property is to be sold as soon as may be and the proceeds distributed as above. In other words, as it seems to us, the property is given to her in trust to use it for her own benefit for five years or less as she may elect, and at the expiration of five years to sell it and divide the proceeds amongst those who shall answer the description. If the property had been put by the testator into the hands of a third person with directions to permit his daughter Charlotte to have the entire and uncontrolled use and benefit of it on the terms named for five years with the right to carry on the business with capital furnished by him at the risk of the estate, and at the end of five years to sell and dispose of it and divide the proceeds amongst his children and their issue, there can be no doubt, we think, that such person would have taken and held the property as trustee.   It can, of course, make no difference in principle that the property was put into the hands of the daughter instead of a third person, and it is more commensurate with what is required of the trustee that the fee should have been intended to pass to and should be held to have passed to her, than that the will should be construed as simply directing the trustee to sell and distribute the proceeds with the result that the fee would vest in the heirs at law subject to be divested by a sale.   It is well settled that trustees take that quantity of estate which the exigencies of the trust require.   *Sears* v. *Russell*, 8 Gray, 86. *Cleveland* v. *Hallett*, 6 Cush. 403.   We are of opinion that the petitioner Charlotte took the fee as trustee, and that the petition could only be rightly brought and prosecuted by her in her capacity of executrix.

*Exceptions overruled.*