**WOOLEY et al. v. MALLEY, Former Collector of Internal Revenue.**

District Court, D. Massachusetts. March 29, 1927.

No. 2152.

1. **Internal revenue ⊜⇒7(6)—Dividends received by executors from stock specifically bequeathed held "income received by the estate" and taxable to executors (Revenue Act 1916, § 2 [b], being Comp. St. § 6336b).**

Where shares of corporate stock, specifically bequeathed by will, were not at once transferred on the books of the corporation, and, pending settlement of the estate, remained in the hands of the executors, who received dividends thereon, such dividends were income received by the estate within Revenue Act 1916, § 2 (b), being Comp. St. § 6336b, taxable to the executors.

2. **Internal revenue ⊜⇒25—Income received by estates is taxable as an entirety, regardless of its ultimate destination (Revenue Act 1916, § 2 [b], being Comp. St. § 6336b).**

Under Revenue Act 1916, § 2(b), being Comp. St. § 6336b, income received by estates is taxable as an entirety, regardless of its ultimate destination.

3. **Internal revenue ⊜⇒7(14)—Income from trust fund received by executors held taxable on basis of individual shares of beneficiaries (Revenue Act 1916, § 2 [b], being Comp. St. § 6336b).**

Under Revenue Act 1916, § 2 (b), being Comp. St. § 6336b, providing for taxing income received by estates, the proviso that, "where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed," applies to income from a trust fund so distributable from the death of the testator, though received by executors before the fund has been turned over to the trustees.

4. **Internal revenue ⊜⇒7(1)—Statute held to deal wholly with method of computing and collecting income tax (Revenue Act 1916, § 2 [b], being Comp. St. § 6336b).**

Revenue Act 1916, § 2 (b), being Comp. St. § 6336b, does not create any tax, but deals wholly with method of computing and collecting income tax.

5. **Internal revenue ⊜⇒7(26)—Additional income and surtax apply to estates of decedents (War Revenue Act 1917, §§ 1, 2 [Comp. St. §§ 6336aa, 6336aaa]).**

The additional income taxes imposed by War Revenue Act 1917, §§ 1, 2 (Comp. St. §§ 6336aa, 6336aaa), apply to incomes of estates of decedents, taxable under Revenue Act 1916, § 1 (Comp. St. § 6336a), and are assessable and collectible as provided in section 2(b) of that act (Comp. St. § 6336b).

At Law. Action by Clarence M. Wooley and others, executors, against John F. Mal-

ley, former Collector of Internal Revenue. Judgment for plaintiffs for part of claim.

H. Le Baron Sampson, Hutchins & Wheeler, and Edwin A. Howes, all of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., and Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action at law brought by the plaintiffs as surviving executors of John B. Pierce, late of Peabody, Mass., to recover certain income taxes assessed to the said estate on incomes received in the year 1917, subsequent to the date of the death of the testator.

The plaintiffs complain:

(1) That the defendant, without authority of law, included in the taxable income $40,071, received by the plaintiffs as dividends on shares of stock in the American Radiator Company, which shares had been bequeathed to a large number of legatees, and which were, in contemplation of law, to be regarded as specific legacies;

(2) That the government erroneously computed the tax upon $56,797.96, being the amount of income upon property which passed into the residuary estate, and which, under the terms of the will, was to be held in trust for beneficiaries named; and

(3) That the department erred in exacting from the estate the additional tax imposed by sections 1 and 2 of the Revenue Act of October 3, 1917.

[1] The case was heard without jury. The controlling facts material to the plaintiffs' first claim may be briefly stated.

On June 23, 1917, John B. Pierce died, leaving a will in which the plaintiffs were named as executors. The decedent left, as part of his estate, a large number of shares in the American Radiator Company, a corporation with which he had been affiliated for many years. By the terms of his will a definite number of shares of the capital stock, both common and preferred, of the corporation, was bequeathed outright to each of a large number of legatees named. The shares to the several legatees were not transferred to them on the books of the corporation until subsequent to December 31, 1917. Consequently all dividends paid thereon by the corporation between June 24 and December 31, 1917, were paid to the executors of the estate. The aggregate amount of the dividends received by the executors during that period on stocks specifically bequeathed was $40,071.

The government claims that this is income taxable under section 2 (b) of the Revenue Act of September 8, 1916 (39 Stat. 757 [Comp. St. § 6336b]), which is as follows:

"(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

"Such trustees, executors, administrators, and other fiduciaries are hereby indemnified against the claims or demands of every beneficiary for all payments of taxes which they shall be required to make under the provisions of this title, and they shall have credit for the amount of such payments against the beneficiary or principal in any accounting which they make as such trustees or other fiduciaries."

It is the contention of the plaintiffs, however, that these dividends cannot be treated as income received by the estate of the decedent during the period of administration or settlement of the estate. The government concedes that the bequests of the capital stock of the American Radiator Company, upon which stock the dividends were paid, were specific and not general bequests. The plaintiffs invoke the familiar doctrine that dividends received by the executor on shares of stock specifically bequeathed belong to the legatee. They say that, granting "the executor has by force of law a legal title to all the personal property of his testator, his title to property which is specifically bequeathed is a *qualified* title, which is given to him so that he may use the property *if and so far only* as may be necessary to supply the deficiency of general assets needed for payment of debts and expenses of administration."

The doctrine invoked is abundantly supported by the authorities. Thayer v. Paulding, 200 Mass. 98, 85 N. E. 868; Vantine v.

Morse, 104 Mass. 275; Andrews v. Hunneman, 6 Pick. (Mass.) 126; Farnum v. Bascom, 122 Mass. 282.

On this doctrine the plaintiffs base the argument that such dividends should not be treated as "income received by the estate of" the decedent.

But in my opinion the arguments fail to meet the real issue presented respecting the plaintiffs' first claim. Undoubtedly, as between the executors and the legatees, the bequest must be treated as one belonging to the legatee from the time of the testator's death, and such legatee has a right to require the executors to turn over to him the specific stock devised, unless it should be needed for the payment of the testator's debts, and to require the executors to account to him for all income accruing thereon.

It does not follow, however, because of this that the stock specifically devised did not constitute a portion of the testator's estate. It would be inventoried as a part of his estate, and would be included as a part of the gross estate for the purposes of the federal inheritance tax.

Again, as between the executors and the corporation, the executors would be considered the stockholders and entitled to exercise the privileges of stockholders. Until the stock was transferred on the books of the corporation, no legatee could compel the corporation to pay over to him the dividends accruing on the shares. Conceding all that the learned counsel for the plaintiffs has elaborately and ably set forth in his brief, regarding the attributes of a specific legacy, it still remains true in my opinion that the income received by the executors upon the shares specifically bequeathed was income received by the estate of a deceased person during the period of administration, within the meaning of those words as employed in section 2 (b) of the Revenue Act of 1916. This income not being returned for the purpose of the tax by the beneficiaries, it was taxable to the executor. Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305.

[2] The plaintiffs have requested the court to rule that, if the dividends on the shares specifically bequeathed are taxable to them, the rate and method of computing the same should be based upon the amount of the individual share of each legatee in such income. The Department of Internal Revenue, ever since the enactment of the Revenue Act of 1916, has proceeded on the theory that estates in the process of settlement are to be taxed as an entirety. The proviso found in section 2 (b) sets forth the conditions that must exist when the rate is to be based on the amount of the individual shares of the beneficiary. These provisions seem to require the conclusion that in all other cases the rate and method of computation are to be based on the amount of income received by the fiduciary, regardless of its ultimate destination.

[3] The material facts with respect to the second claim of the plaintiffs are these:

By virtue of the will of Mr. Pierce, the residue of the estate was devised and bequeathed to trustees to hold for the benefit of certain beneficiaries named, with directions to divide and distribute the income of the trust estate in accordance with the provisions of the will, which, for the purposes of this case, may be said to direct the trustees to pay quarterly in each year out of the net income of the trust estate 30 per cent. to the testator's wife, 5 per cent. each to two half-sisters, and the remaining 60 per cent. to constitute a fund, known as the "employees' fund," to be divided and distributed among a large number of employees, all of whom were named in the will and were to participate as beneficiaries providing they met the requirements of the will.

The will provided in paragraph XXX as follows:

"It is my desire and I also direct that all the foregoing bequests shall be distributed or paid and also the income payments provided for herein shall begin to be made to said beneficiaries respectively as soon as practicable and that the income payments so continue, notwithstanding my estate may still be in process of probate. Each and every bequest intended to go at once to the legatee absolutely will be distributed by the representatives of my estate as executors and all income distribution will be made by them as trustees."

There were provisions for the termination of the trust and the distribution of the principal. The four individuals named as executors were appointed by the testator to be the trustees under the will.

During the taxable period involved in this action, in addition to the $40,071 representing the dividends on shares of stock, specifically bequeathed, which have already been referred to, the plaintiffs, as executors, received income to the amount of $81,114.76, of which $75,524.33 were dividends declared and paid on shares of stock of the domestic corporation. A portion of this income accrued on the shares which were ultimately to fall into the residuary estate, but which, at the close of the taxable period, had not been

transferred to the trustees. Before April 1, 1918, the executors were able to ascertain that $52,911.27 of these dividends and $3,-889.69 of other income were distributable among existing beneficiaries of the trust. They seasonably filed returns on form 1041 showing the names of the beneficiaries and the amount distributable to each. These returns the government refused to accept.

The plaintiffs concede that this $56,797.96 of income is properly taxable to the estate, but they say that, for the purpose of fixing the amount of the tax it should be regarded as "income to be distributed regularly. between existing beneficiaries." In other words, that this income comes within the proviso of section 2 (b), which requires that "the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed."

The position of the plaintiffs is fortified by a Massachusetts statute (R. L. 1902, c. 141, § 24) which reads as follows:

"If an annuity, or the use, rent, income or interest of property, real or personal, is given by will, deed or other instrument to or in trust for the benefit of a person for life or until the happening of a contingency, such person shall be entitled to receive and enjoy the same from and after the decease of the testator, unless it is otherwise provided in such will or instrument."

The will did not otherwise provide. Thus we have a case where each beneficiary could, under the statute, effectively claim his share in the income accruing from the date of testator's death, and by the terms of the will it was the duty of the fiduciary to pay it "regularly."

The income seems to meet all the requirements of the proviso. The government obviously based its refusal to apply these provisions on the ground that it was not until after January 1, 1918, that the executors determined the number of shares that passed into the residuum of the estate and that the shares had not been transferred to the trustees prior to that date.

The proviso was inserted in section 2 (b) in order to definitely fix the rate of tax and the method of computing that tax in cases where the income was distributable regularly or annually between existing heirs, legatees, or beneficiaries. That the rate and method were to obtain, in respect to income received and distributable by an executor or administrator, is clear from the word "heirs" and "legatees" which were used in conjunction with the word "beneficiaries." The fact

that the trust fund had not been turned over to the executors in their capacity as trustees under the will would not prevent the application of the method of computing the tax based upon individual shares. This $56,-797.96 of income was distributable regularly and annually among existing beneficiaries. I do not find anything in the act necessitating an exact determination of this income or the exact amount of the individual shares before the end of the taxable period. From the facts before me, I must assume that the returns filed by the plaintiffs and rejected by the defendant reflected with substantial accuracy the amount of the individual shares to be distributed.

That all doubts should be resolved in favor of the taxpayer is a rule of construction not always observed by the administrative authorities but frequently recognized by the courts in dealing with a statute imposing the burden of taxation. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Smietanka v. First Trust & Sav. Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391.

In view of this rule, I think the plaintiffs are entitled to a favorable application of the act, and can properly object to the action of the defendant in refusing to compute the tax. on the basis of the individual shares of each beneficiary.

[4, 5] The remaining ground upon which the plaintiffs base this action is that the defendant without right compelled the estate to pay the additional tax imposed by sections 1 and 2 of the War Revenue Act of October 3, 1917 (Comp. St. §§ 6336aa, 6336aaa). They advance the proposition that the act did not apply to income on estates of deceased persons.

I do not believe the plaintiffs can advance any good reason why Congress should have exempted from this additional war tax income received on estates of deceased persons. On the other hand, the government cannot properly ask this court to extend the operation of the act by judicial construction to cover income not included, even though unintentionally omitted. Gould v. Gould, supra; United States v. Wigglesworth, 2 Story 369, Fed. Cas. No. 16,690; Bankers' Trust Co. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922.

The pertinent provisions of the Revenue Act of October 3, 1917, are found in sections 1, 2, and 3 of the Act (Comp. St. §§ 6336aa, 6336aaa, 6336iii). In section 1 an income tax is imposed "in addition to the normal tax imposed by subdivision (a) of section 1 of" the Revenue Act of September 8, 1916.

In section 2 an additional surtax is imposed "in addition to the additional tax imposed by subdivision (b) of section 1 of" said Act of September 8, 1916. Section 3 provides for computing, levying, assessing, collecting, and paying the tax, all of which is to be done "upon the same basis and in the same manner as the similar taxes imposed by section 1 of" said Act of September 8, 1916, except that the amounts of the exemptions are reduced.

Nowhere in the 1917 income tax is there any express provision imposing additional taxes upon an estate of a deceased person. From this omission the plaintiffs argue that there is no legislation authorizing the government to collect an additional tax on income received by them as executors in the course of the administration of the estate. My attention has not been called to any decisions in the federal courts dealing with this precise question. I am confronted, therefore, with the necessity of determining the scope of the first and second sections of the Revenue Act of 1917 without the aid of adjudications in this or other federal courts. Plaintiffs' argument would have convincing force, if it were true, that section 2 (b) of the Revenue Act of 1916 created the liability for the tax, but it will be noted that section 2 appears under the subheading "Income Defined," indicating that Congress, in drafting section 2, was not creating any tax but was dealing with definitions of the income subject to the tax.

It does not follow from the death of the individual, that income subsequently accruing on securities or property left by him would not be income received by an individual and subject to a tax under the first section of the act.

If paragraph (b) of section 2 of the Act of 1916 had not been enacted, the income on securities owned by a decedent accruing subsequent to his death could, for the most part, undoubtedly have been taxed under section 1 of that act to the ultimate recipient (Comp. St. § 6336a), and I take it that, by enacting section 2, Congress hoped to avoid delay and difficulty in ascertaining the individuals liable for the tax by providing that such income

should be taxed to the estate, the amount to be determined, as in the case of an individual, unless the income was annually or regularly distributable to existing heirs, legatees, or beneficiaries. I do not think section 2 (b) operated to create any tax upon income, but rather I look upon it as a section dealing wholly with the method of determining and collecting an income tax.

The conclusions which I have reached respecting the scope of this later act seem to me necessary to effectually accomplish the purposes of the legislation. Since the act provides in section 3 that the additional tax shall be computed, levied, assessed, collected, and paid upon the same basis and in the same manner as similar taxes imposed in section 1 of the Act of September 8, 1916, it must follow that the provisions of section 2 (b) of the Act of 1916, which relate to the method of computing, assessing, and collecting taxes received by the estate of a deceased person, apply with equal force to the additional tax imposed by the act of 1917.

It is my opinion, therefore, that the plaintiffs cannot complain because the government had assessed upon this estate an additional normal and surtax under the act of 1917.

It follows from the foregoing that the government was correct in including, as taxable to the estate, the $40,071 received on the shares of stock specifically bequeathed, and in applying the provisions of the Act of October 3, 1917, but the defendant erred in refusing to base the computation of the tax upon $56,797.96 of income received by the plaintiffs and later distributed to beneficiaries of the trust estate upon the amount of the individual shares to be distributed. I so rule.

The result of the foregoing rulings is that the plaintiffs are entitled to recover in this action, but it is not practicable, upon the present state of the evidence, for the court to ascertain the exact amount of the judgment. The case may therefore stand for further hearing, unless the parties shall agree, as I have no doubt they can do, upon the amount which the plaintiffs would be entitled to recover when ascertained in accordance with this opinion.