## WOOLLEY et al. v. MALLEY.

### MALLEY v. WOOLLEY et al.

Circuit Court of Appeals, First Circuit.
January 10, 1929.

Nos. 2244, 2245.

Anderson, Circuit Judge, dissenting in part.

Harry Le Baron Sampson, of Boston, Mass. (Edwin A. Howes and Hutchins & Wheeler, all of Boston, Mass., on the brief), for plaintiffs.

Thomas H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel and J. Duke Smith, Sp. Asst. U. S. Attys., all of Boston, Mass., on the brief), for defendant.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. No. 2244 is an appeal from a judgment in an action at law for a refund of taxes paid under protest by the executors of the will of John B. Pierce, who died on June 23, 1917, at Peabody, in the commonwealth of Massachusetts. His will was duly proved and allowed, and the plaintiffs, together with Frank M. Peters, since deceased, were qualified as executors. No. 2245 is a cross-appeal by the collector, against whom the action was brought.

· The testator was a large owner of the stock of the American Radiator Company, with which he had been connected for many years. He made several specific bequests of shares of stock in this corporation, and in paragraph 17 of his will disposed of the residue as follows:

"Paragraph 17. All the rest, residue and remainder of my estate and property, whether real, personal or mixed, owned by me at the time of my death, wheresoever situated, I give, devise and bequeath unto the trustees of my estate, hereinafter named, in trust, to hold, manage, control, invest, dispose of and reinvest, as often as to them may seem desirable, in order to keep the same as productive as may be and upon the further

trusts to hold my said estate for income and accumulation for the period of ten years from and after my death and thereafter until each of my two half-sisters, Ellie P. Watts and Mary B. Richardson, and also my wife, Adelaide Leonard Pierce, have died. In the meantime and until the expiration of aforesaid ten-year period or until the decease of my said two half-sisters, Ellie P. Watts and Mary B. Richardson, and of my said wife, Adelaide Leonard Pierce, to divide and distribute the income of said trust estate as hereinafter provided, and finally upon the death of my two half-sisters, Ellie P. Watts and Mary B. Richardson, and my said wife, Adelaide Leonard Pierce, or at the end of aforesaid ten-year period in case this should extend beyond all of said three lives, to divide and distribute, subject to the provisions of paragraph XI, the principal of said trust estate in manner hereinafter outlined."

By paragraph 20 the testator directed that the income of the trust estate should be paid quarterly in each year, indicating the months on the first days of which preferably payments should be made to certain beneficiaries—30 per cent. to his wife, Adelaide Leonard Pierce, during her life, 5 per cent. to each of his two half-sisters during the life of each, and the remaining percentage, which was designated for convenience and brevity as "Employees' Fund" to certain employees, whom he divided into five classes, and indicated the part which was to be paid to the members of each class.

He also provided that, when all three said life interests should terminate, the period of final distribution among his employees will have arrived, unless held in abeyance for the unexpired portion of the 10-year period mentioned in paragraph 17.

He also directed that the bequests should be paid, as well as the income payments to the named beneficiaries, as soon as practicable, and that the income payments should continue notwithstanding his estate should be in the process of probate, and that "each and every bequest intended to go at once to the legatee absolutely will be distributed by the representatives of my estate as executors and all income distribution will be made by them as trustees."

During the remainder of the taxable year 1917 after the testator's death the executors received as dividends upon the stock of the American Radiator Company, which had been specifically bequeathed, the sum of $40,071 paid to them as executors, and it was not until after January 1, 1918, that the shares of stock specifically bequeathed were transferred to the legatees upon the books of the corporation.

The executors also received from dividends on shares of stock constituting part of the residuary estate to be held in trust $52,919.27, and other income, distributable as part of the income of the residuary estate, amounting to $3,886.69, and as dividends upon that portion of the estate ultimately used for payment of the debts, expenses of administration, and taxes $24,404.80.

The tax was assessed under the provisions of section 2 (b) of the Income Tax Law of 1916, 39 Stat. 756, as amended in 1917, which so far as applicable follows:

"Sec. 2. (b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed."

The Act of October 3, 1917, imposed an additional tax to the normal tax imposed by the act of 1916, also increased the surtax provided for by said act, and reduced the exemptions provided for by it. Section 1204 of the act of 1917, 40 Stat. 331, provides that subdivision (c) of section 8 of the act of 1916 be amended to read as follows:

"Guardians, trustees, executors, administrators, receivers, conservators, and all persons, corporations, or associations, acting in any fiduciary capacity, shall make and render a return of the income of the person, trust, or estate for whom or which they act, and be subject to all the provisions of this title which apply to individuals."

Section 8 (c) of the act of 1916 was not changed apparently by this act of 1917, in so far as it required executors and administrators to "make and render a return of the

* * * estate for * * * which they act, and be subject to all the provisions of this title which apply to individuals."

The District Court has held that the income received by the executors upon the several legacies specifically bequeathed in the year 1917 after the death of the testator was income taxable to the estate under section 2 (b) of the Revenue Act of September 8, 1916, and that the tax upon this income should be assessed upon the estate as an entity, and not computed "in each case upon the amount of the individual share to be distributed."

As to the remainder of the income upon the dividends received by the executors upon the residue of the shares of stock held by them, as well as the residue of the estate, the District Court held that, as the income from this was "to be distributed annually or regularly between existing heirs or legateees or beneficiaries, the rate of tax and method of computing the same" would "be based in each case upon the amount of the individual share to be distributed."

From the first ruling the plaintiffs have appealed here, and from the second the defendant has appealed. The plaintiffs have also appealed from the ruling of the District Court that the rates provided by the law of 1917 should be applied.

The questions, therefore, presented for our consideration, are (1) whether income received by the executors within the taxable year 1917 upon the specific legacies was taxable to the estate to be paid by the executors, or whether the tax should be paid by the legatees; (2) whether the income accumulated in the hands of the executors from the residuary estate before January 1, 1918, should be taxed to the estate or to the legatees; and (3) whether the rates provided by the act of 1917 should be applied in determining the tax or the rates under the act of 1916.

Section 2 (b) of the act of 1916 specifically provides that "income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates." The dividends received upon the specific legacies were received during the period of administration and before these legacies were paid. R. L. Mass. 1902, c. 141, § 24, now General Laws, c. 197, § 26, is cited as authority for assessing the tax upon the income of the specific legacies to the legatees therein named, as are also provisions in the will.

The power of Congress to make income of the estate received by the executors during the period of administration taxable to the estate, a pure revenue measure, may be exercised irrespective of any state statute fixing the time at which title to a legacy shall vest. Nor could the testator by any provision in his will modify or prevent the application of a federal statute.

The District Court was right in holding that the income received upon the specific legacies was taxable to the estate of the deceased under the act of 1917, which raised the rates of both the normal tax and the additional tax provided for in the law of 1916.

It is contended by the plaintiffs that the rates provided for in the law of 1916 applied only to individuals, but in section 8 (c) of the act of 1916, hereinbefore quoted, it is provided that executors shall "be subject to all the provisions of this title which apply to individuals." The same provision appears under section 1204 (c) of the Revenue Act of 1917, and the District Court was right in applying the rates provided for in the act of 1917.

Under the will in question the residue of the estate was devised and bequeathed to trustees to be held in trust for certain named beneficiaries, among whom was a large number of employees entitled to share in the "Employees' Fund" created by the will.

From the agreed statement in the record it appears that, in addition to $40,071 received by the executors as dividends on shares of stock specifically bequeathed, they received $81,114.76, a portion of which accrued upon shares which, after the close of the taxable year of 1917, were determined to be a part of the residuary estate, but before April 1, 1918, the executors were able to ascertain that $52,911.27 of these dividends and $3,889.69 of other income were distributable among existing beneficiaries of the trust, and in the opinion of the District Judge it appears that the plaintiffs concede that $56,797.96 of this income was properly taxable to the estate; but it is claimed that, as this was "income to be distributed regularly between existing beneficiaries," the rate of tax and method of computing the same should be based in each case upon the amount of the individual share to be distributed, and not upon the entire sum as income received by the estate during the process of administration. The learned judge of the District Court has ruled that the fact that the trust fund was not turned over to the executors in their capacity as trustees under the will would not prevent the appli-

cation of this method of computing the tax based upon individual shares, and he ruled that the "defendant erred in refusing to base the computation of the tax upon $56,797.96 of income * * * upon the amount of the individual shares to be distributed."

Under the will, this residuary fund, when determined, was to pass from the hands of the executors and to be administered by them as trustees. The estate was in process of administration until the residue could be determined, which was not until after the close of the taxable year of 1917. The case here is unlike Lederer v. Stockton, 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99, Bowers v. Slocum (C. C. A.) 20 F.(2d) 350, and McCaughn v. Girard Trust Co. (C. C. A.) 19·F.(2d) 218, and they are not applicable, because in them the administration of the estate had practically ceased, and the residuary fund, which was to be distributed, had been determined and fixed upon. In the present case the beneficiaries among the employees, who are to share in the distribution of the residuary fund, are to be those who are found by some one, presumably the trustees, to be in good standing, making it uncertain who the ultimate beneficiaries may be.

Under the law of Massachusetts, it could not be determined until the lapse of a year after the death of the testator what claims would be presented against the estate, and what the residuary estate might be. It appears from the agreed statement in the record that it was necessary for the executors to dispose of some of the shares of stock of which the testator died possessed, and in a letter to the collector, dated April 11, 1919, the executors estimated that $30,000 received as income in 1917 would be required to pay taxes, debts, and expenses of administration. There was then no definite, distinct fund in the possession of the executors to which the beneficiaries who are to share in the residuum of the estate could lay claim until debts, taxes, and expenses of administration had been determined, and there could be no fund in the possession of the trustees for distribution under the proviso in section 2 (b) of the Revenue Act of 1916, or under the amendments contained in the act of 1917, until the time for the presentation of claims had expired

and the expenses of administration had been determined. All of the income of the estate had been received by the executors during the year 1917, and "during the period of administration or settlement of the estate," and was properly assessed to them. Under the provisions of the Revenue Acts of 1916 and of 1917 the normal tax and additional tax imposed upon individuals was correctly imposed upon the executors as taxable persons under section 8 (c) of the Act of 1916 as amended by section 1204 (1) of the Act of October 3, 1917, by which they were required to make a return of the income of the estate which they were administering and be subject to all the provisions of title 1 of that act which provides for the assessing of a normal tax and additional tax upon individuals. The tax was therefore correctly assessed and computed by the Commissioner.

In No. 2244, the judgment of the District Court is affirmed.

In No. 2245, the judgment of the District Court is reversed, and the case is remanded to that court, with instructions to enter judgment for the defendant in accordance with this opinion.

GEORGE W. ANDERSON, Circuit Judge (dissenting). I think the court below was right on both appeals, and therefore dissent from the decision which reverses the judgment in No. 2245. In general, I agree with Judge Brewster's views, as expressed in 18 F.(2d) 668, 670, 671. It seems to me plain that the tax upon $56,797.96, income which was regularly distributed, should be computed, under the proviso, upon the amount of the individual shares. The purely supposititious fact, the ground on which the majority opinion rests, that this income might have been cut down by debts and expenses of administration, does not, in my view, take it out from under the operation of the proviso. There were no such debts and expenses; it was distributed regularly; that is enough to bring the tax within the operation of the proviso, without resorting to the rule that the interpretation of doubtful or ambiguous language in tax acts is to be in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211.