## COMMISSIONER OF INTERNAL REVENUE v. INGRAM.

### No. 6114.

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for petitioner.

William A. Seifert, William Wallace Booth, and John A. McCann, all of Pittsburgh, Pa., and Floyd F. Toomey, of Washington, D. C., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

In this income tax case the Commissioner appeals from a decision of the Tax Board. The question involved in the case is thus summarized in its opinion:

"The respondent set aside a closing agreement with the petitioner and determined a deficiency of $11,046.70 for 1927, together with a 5 per cent negligence

916

penalty of $552.34. The petitioner relies upon the closing agreement for a decision that there is no deficiency or penalty.

"It is not suggested that the closing agreement is on its face lacking in any essential to its validity under section 606 (a) or (b), Revenue Act of 1928 [26 U. S.C.A. § 1660], but the controversy turns upon the question whether there has been such a showing of fraud or malfeasance, or misrepresentation of a material fact as to support the statutory exception to the rule that the agreement shall be final and conclusive and shall not be set aside or disregarded."

Its conclusion, from the proofs, was: "The evidence in the present proceeding we think is insufficient to support a finding necessary to set aside the agreement. We can not find fraud, malfeasance, or misrepresentation of a material fact in the making of the agreement. It is true, and admitted by the taxpayer, that upon his return gross income was understated. The petitioner testified that the omission was unintended, and, from the facts and circumstances in evidence showing how the books were kept and the return made, we find no reason to doubt either the honesty or the credibility of this testimony,". adding thereto, "Congress intended that innocent mistakes should be buried in a closing agreement. Bankers' Reserve Life Co. v. United States (Ct.Cl.) 42 F.(2d) 313; Aetna Life Insurance Co. v. Eaton [C.C.A.] 43 F.(2d) 711; Wolverine Petroleum Corporation v. Commissioner [C. C.A.] 75 F.(2d) 593.".

Amongst other proofs, the Board referred to the examination of the revenue investigator, who reported:

"In the instant case, there is absolutely no evidence of fraud or malfeasance. The taxpayer himself is a man of the highest type of business integrity and in dealings that have come up in the course of examination for 1928, it can be unqualifiedly stated that his good faith and repute are above question. All books and records were produced without hesitation for the 1928 examination and the agent was extended every possible assistance and courtesy.

"The 1927 circumstance is just one of those unfortunate circumstances that can arise in any case, where the taxpayer is personally unfamiliar with income tax law and accounting procedure. His own

bookkeeper, Mrs. Gribben, although she is very competent and handles all entries in both the business and personal books, knows nothing of what appears on the income tax returns or how they are prepared. The fault apparently lies with his accountants, the Corporation Audit Co., and the fact that they included the same sort of items on the 1928 return, which they omitted on the 1927 return shows that their only guilt is that of negligence * * * it is neither advisable nor warranted under the circumstances, to submit the taxpayer to exigencies of the ordinary fraud investigation."

From an examination of the proofs, we are of opinion the Board had sufficient evidence to warrant its finding, and being ourselves in accord with the Tax Board, we affirm the Tax Board's order.