PROCTOR et al. v. WHITE, Former
Collector of Internal Revenue
(two cases).

Nos. 6172, 6173.

District Court, D. Massachusetts.
June 12, 1939.

162

David Broude, of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for respondent.

FORD, District Judge.

These are two actions brought by the plaintiffs as executors under the will of Martha R. Proctor for the recovery of the sums of $2,160.18 and $601.39 with interest

from the date of payment, representing the federal income taxes alleged to have been erroneously assessed and collected for the calendar years of 1929 and 1926, respectively. Jury has been waived and the suits are properly before the Court.

The same question is involved in both suits and the actions will be treated as one in this opinion. The issue involved is whether or not the plaintiffs, as executors under the will of Martha R. Proctor, may deduct income paid by them to James H. Proctor, husband and one of the beneficiaries named in the will of the deceased, in the determination of the net taxable income on which they are liable for taxes.

█ Statements of facts in this opinion may be taken as special findings, and statements as to the law, as conclusions, in compliance with Rule 52 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The facts for the most part have been stipulated by the parties and they are included in the following special findings of fact:

Martha R. Proctor died testate, in Ipswich, Essex County, Massachusetts, on October 26, 1923. On December 17, 1923 the plaintiffs were duly appointed executors of her estate. The testatrix was survived by James H. Proctor, husband, and five children, namely, Thomas E. Proctor, 2nd, J. Riker Proctor, Mary P. Shiverick, Martha M. Proctor, and Esther B. Proctor. Her will, after making certain specific bequests, provided in its pertinent parts as follows: "Seventhly: I direct my executors hereinafter named * * * to divide all the rest, residue and remainder of the property which I shall own at the time of my death into as many equal parts or shares as shall exceed by one the number of children of mine living at the time of my death * * * and I give, devise and bequeath another of such equal parts or shares unto my said executors * * * In Trust Nevertheless for the benefit of each child of mine living at my death to hold so much thereof as may be real property and to invest and keep invested so much thereof as may be personal property and to receive the rents, interest and income from all the property constituting such share and after paying therefrom all necessary expenses to pay the net rents, interest and income unto the child for whose benefit the same shall be so held in trust for and during his or her natural

life * * * I give, devise and bequeath the remaining share unto my said executors * * * In Trust Nevertheless to hold so much thereof as may be real property and to invest and keep invested so much thereof as may be personal property and to receive the rents, interest and income from all the property constituting such share and after paying therefrom all necessary expenses to pay the net rents, interest and income unto my husband, James H. Proctor for and during his natural life * * *"

The husband, James H. Proctor, elected to take under the provisions of the will in lieu of his curtesy or statutory interest. No trusts under the above quoted provision of the will were set up until November 16, 1937, when they were established by decree of the Probate Court in Massachusetts.

On March 15, 1930 and March 15, 1927 the plaintiffs, as executors, filed fiduciary returns of income on form 1041 for the calendar years of 1929 and 1926, respectively, showing the net income for these years was distributed in practically equal amounts to the above named beneficiaries.

Also, on March 15, 1930, the plaintiffs, as executors, filed an income tax return on form 1040 disclosing an accumulated net income for 1929 not distributed upon which the tax was paid. No tax liability was reflected in the return for 1926 when all the net income was shown as distributed. Later deficiency assessments were made in connection with both returns by the Commissioner of Internal Revenue and paid. Claims for refund were filed and allowed in part and suits brought for the balance. The claims for refund were made principally on the ground of failure to allow as a deduction from the taxable income the amounts paid by the executors to James H. Proctor, husband and beneficiary. The decision of the Commissioner at the time the deficiency assessments were made was that the payments made to the husband, James H. Proctor, were in lieu of his curtesy rights and as the payments made did not exceed the value of these rights as of the date of the death of the deceased, they were taxable. The Commissioner made his decision relying upon the cases of United States v. Bolster, 26 F.2d 760, 59 A.L.R. 491, and Warner v. Walsh, 2 Cir., 15 F. 2d 367, later overruled by the case of Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365. Deductions were

allowed in respect of the payments made to the other beneficiaries named under the seventh clause of the will above stated. No tax has been paid by James H. Proctor upon the amount distributed to him in either the year 1929 or 1926. He executed on April 26, 1932 and on April 4, 1930 valid closing agreements concerning his tax liability for the tax years 1929 and 1926 respectively.

The sole issue involved in both these cases is whether the sums distributed by the executors to James H. Proctor during the taxable years 1929 and 1926 were properly deductible by the plaintiffs, as executors, within the meaning of the Revenue Acts.

The applicable provisions of the Revenue Acts are as follows:

"Revenue Act of 1928,

"Sec. [§] 161. Imposition of tax

"(a) Application of tax. The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including:* * *

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and * * *

"Sec. [§] 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—* * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct * * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement or the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary * * *." 26 U.S. C.A. §§ 161, 162.

The corresponding statute governing the taxable year 1926 is the Revenue Act of 1926, Section 219(a) (2) and (3) and Section 219(b) (2) and (3), 44 Stat. 32, 33.

It is the contention of the plaintiffs-executors that within the cited provisions of the statutes the payment to the beneficiary, James H. Proctor, were, (1) made from income, and, (2) properly payable. At the outset it will be noted that the Commissioner of Internal Revenue was in error in basing his refusal to allow the deductions upon the cases of United States v. Bolster, supra, and Warner v. Walsh, supra. Helvering v. Butterworth, supra, 290 U.S. at page 369, 54 S.Ct. 221, 78 L.Ed. 365, disapproved the principle stated in these cases and said that a widow who accepted the provisions of her husband's will and received part or all of the income from an established trust in lieu of her statutory rights was a beneficiary within the meaning of the Revenue Act of 1926, Section 219, and the Revenue Act of 1928, Sections 161 and 162.

 It is now conceded that the case of Helvering v. Butterworth, supra, is applicable to the present case and James H. Proctor, having elected to waive his curtesy rights, was a beneficiary within the meaning of the provisions of the Revenue Acts cited.

However, though the Commissioner allowed as deductions the payments made to the other beneficiaries, it is the contention of the defendant that the payments to be made under the seventh clause of the will were to be payments out of income of the trust which was to be composed of the residuary estate after the estate was settled and the trust not having been set up by the executors admittedly until November 16, 1937, the payments were made while the estate was in process of administration and were made out of the corpus of the estate and hence not "properly" made within the meaning of the Revenue Acts; further that under the doctrine of Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, a judgment for the plaintiff would result in the unjust enrichment of the beneficiary, James H. Proctor, because of the

bar of the statute of limitations and the existence of the closing agreements which included his tax liability for the taxable years herein concerned.

What constitutes federal taxable income is controlled by federal law and the federal Courts are not bound by the decisions of a local jurisdiction in determining the character of property for income tax purposes except the federal taxing act, by express language or necessary implication, makes its own operation dependent on state law. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 11, 57 S.Ct. 330, 81 L.Ed. 465; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509, 516, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305.

However, there was no such question presented in the present case as to the character of property to be taxed but merely the legality or validity of the payment of the income, which it is not disputed this was, to a beneficiary under the will of the deceased. The words "properly paid" in the Revenue Acts cited naturally mean rightly paid, with legal justification.

The testatrix was a resident of Massachusetts and the disposition of her property in that state was subject to its laws and the orders of its courts respecting distribution of the estate. Lyeth v. Hoey, supra, 300 U.S. at page 193, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Blair v. Commissioner of Internal Revenue, supra, 300 U.S. at page 10, 57 S.Ct. 330, 81 L.Ed. 465; Freuler v. Helvering, 291 U.S. 35, 44, 45, 54 S.Ct. 308, 78 L.Ed. 634; Uterhart v. United States, 240 U.S. 598, 36 S.Ct. 417, 60 L.Ed. 819.

As was said in the latter case (240 U. S. at page 603, 36 S.Ct. at page 418, 60 L.Ed. 819), " * * * it is obvious that a judicial construction of the will by a state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees."

Consequently, the provisions of the will and the laws of the state having jurisdiction over the administration determine what income of the trust is properly to be paid to the beneficiaries. County Nat. Bank & Trust Co. Ex'r v. Commissioner of Internal Revenue, 39 B.T.A. 357, February 9, 1939. Anderson v. Wilson, 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004.

On April 6, 1937, the executors filed with the Probate Court for Essex County, Commonwealth of Massachusetts, thirteen separate accounts covering the administration of the estate for each of the preceding years, including the taxable years here in question, 1929 and 1926. These accounts showed the receipts from income for the tax years in question and the payments made on account of income to the beneficiaries, including James H. Proctor, the husband. These accounts were allowed by a decree of the Probate Court for Essex County on October 1, 1937.

According to the terms of the will the intention of the testatrix is unascertained as to the disposition of the income of the estate during the period of administration. The direction to the executors was to establish the trust as to the residue and for them and their survivors to act as trustees. The income is given to the beneficiaries named hereinbefore and there was no direction to accumulate the income until the residue was established.

It is provided in Massachusetts General Laws, (Ter.Ed.) Chapter 197, Section 26: "If an annuity, or the use, rent, income or interest of property, real or personal, is given by will or by an instrument in the nature thereof to or in trust for the benefit of a person for life or until the happening of a contingency, such person shall be entitled to receive and enjoy the same from and after the decease of the testator, unless it is otherwise provided in such will or instrument."

This provision of law, formerly General Statutes, Chapter 97, Section 23, Public Statutes, Chapter 136, Section 24, and Revised Laws, Chapter 141, Section 24, is construed in Sargent v. Sargent, 103 Mass. 297. The latter case in deciding that a tenant for life (103 Mass. at page 299) was entitled to the income of a residue given in trust from the time of the testator's death, stated this was so "because any other rule would take away the income from the tenant for life, and apply it to the increase of the capital for the benefit of the remainderman." In this and similar cases where the will does not specify a time for the commencement of the interest or the enjoyment of income or use, it is presumed to be the intention of the testator, that the beneficiary is en-

titled to the income of the residue, when that is given, from the date of the death of the testator. Ogden v. Allen, 225 Mass. 595, 114 N.E. 862; Pope v. Pope, 209 Mass. 432, 438, 95 N.E. 864; Keith v. Copeland, 138 Mass. 303, 304; Pollock v. Learned, 102 Mass. 49; Lovering v. Minot, 9 Cush. 151.

Consequently, in the present case, the income of the residue as declared in the seventh clause of the will was for the benefit, among others, of the named beneficiary, James H. Proctor, from the date of the testatrix's death. It was also testified to by the bookkeeper of the estate of the decedent, and I find it to be a fact, that the amounts paid to the beneficiaries were paid out of income from the estate.

The fact that the residue had not been determined exactly before the executors commenced making payments to the beneficiaries is of no consequence in my opinion in the present case. This was a matter of concern only to the executors. The estate was large, the income belonged to the beneficiaries and the payment of it by the executors, named also as trustees, before qualifying as trustees, was a risk, the consequences of which, if any, concerned the executors alone. The tax years in question dated three years after the death of the deceased and the time for claims had long gone by and the payments under the trust clauses of the will were easily ascertainable and could be safely distributed. It was plainly apparent a definite and distinct fund was in existence. That there was little risk in Massachusetts is settled by the cases of Codman v. Brigham, 187 Mass. 309, 72 N.E. 1008, 105 Am.St.Rep. 394; Bean v. Commonwealth, 186 Mass. 348, 71 N.E. 784; and Carson v. Carson, 6 Allen 397. All these cases lay down the doctrine that where, as in the present case, there is imposed upon the executors under a will the performance of duties beyond those which belong to executors, the latter necessarily take as trustees, although the word "trustee" is not used. As was stated in the case of Bean v. Commonwealth, supra [186 Mass. 348, 71 N.E. 785]: "If the effect of the provisions of the will is to subject the property in her hands as executrix to certain trusts to be carried out by her, she will be deemed to hold the property as trustee by virtue of her appointment as executrix."

In view of these principles the contention that the deductions must be denied because the estate was in process of administration and the trust had not been set up during the tax years and hence the income was not properly paid, is without merit.

Further, decrees of the Probate Court for Essex County allowing the executors' accounts on October 1, 1937, which determined that the amounts paid to the beneficiaries, including James H. Proctor the husband, are determinative that these payments of income were properly distributed. The allowance of the accounts had the same effect as a decree of distribution (Massachusetts General Laws (Ter. Ed.) Chapter 206, Section 21, Rhines v. Wentworth, 209 Mass. 585, 588, 95 N.E. 951), and the fact that the decrees allowing the accounts post-dated the actual payments is of no moment. Freuler v. Helvering, supra, 291 U.S. at page 35, 54 S.Ct. 308, 78 L.Ed. 634.

The only case which, in any way, can be construed as applying a doctrine contrary to the one applied here is the case of Woolley v. Malley, 1 Cir., 30 F.2d 73; but whatever is its applicability the facts are different in that case, in that there was no distinct fund in the possession of the trustee for distribution as the time for presentation of the claims against the estate had not gone by and it could not be easily ascertained; there was no distribution to the beneficiaries; in fact the beneficiaries were not definitely ascertained. In this case there was a distribution and this changed the character of the property from that of the estate to the property of the beneficiaries and it was taxable as income in the hands of the latter, and not against the plaintiffs-executors, if properly paid. Cf. Lederer v. Stockton, 260 U.S. 3, 43 S.Ct. 5, 67 L.Ed. 99; Woolley v. Malley, supra, 1 Cir., 30 F.2d at page 76; Bowers v. Slocum, 2 Cir., 20 F.2d 350.

It is my conclusion that the income was properly paid to James H. Proctor, the husband, and deductible under the provisions of Section 162(b) and (c) of the Revenue Act of 1928 and Section 219(b) (2) and (3) of the Revenue Act of 1926.

There remains to be decided the question of unjust enrichment under the doctrine expressed in Stone v. White, supra. In that case there was one bene-

ficiary and it was admitted that her tax liability was more than the trustees were claiming to recover and any recovery would inure to her sole benefit. Here there is no admission by the plaintiffs that any additional tax is due from James H. Proctor in view of the closing agreements entered into which necessarily involved many items in his individual return, even though it did not include a tax on this particular income. The taxes in the present case in the first place were assessed by the Commissioner of Internal Revenue against the executors on the theory that it was a capital expenditure and it was charged to principal on the books of the estate and consequently any return of the money here claimed would go back to the corpus of the estate. The defendant has in no way proved, even if it were decisive, that James H. Proctor would be the sole beneficiary in the event of a recovery. The most profit that Proctor would receive would be his one-sixth share of the income from the sum returned for his life under the terms of the will. Further, it appears that those taking by power of appointment under the will might have some interest in this particular sum, if returned, being retained in the corpus of the estate.

[redacted] Further, in this connection, closing agreements were entered into between the government and James H. Proctor. There was necessarily involved in these many controverted items in the tax liability of the latter and there is nothing in this case to show that the tax liability of Proctor was understated, though it is admitted that his income tax return did not include his income from the estate. This type of agreement is intended to end controversies between taxpayers and the government for the mutual benefit of both. As the Court said in the case of Wolverine Petroleum Corp. v. Commissioner of Internal Revenue, 8 Cir., 75 F.2d 593, 596; certiorari denied 295 U.S. 743, 55 S.Ct. 656, 79 L.Ed. 1689: "Full consideration dictates that matters affecting the taxpayer's liability once concluded by a closing agreement should be respected in every particular, and subject to attack only upon the grounds enumerated in the statute."

In declaring the finality of closing agreements, Revenue Act of 1928, Section 606(b), 26 U.S.C.A. § 1660(b), says:

"* * * such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact— * * *

"(2) In any suit, action, or proceeding, such agreement * * * shall not be annulled, modified, set aside, or disregarded."

[redacted] Even if the facts in the instant case were similar to those in the case of Stone v. White, supra, to deny recovery to the plaintiffs in this case in accordance with the principles laid down there, would be tantamount to nullifying a closing agreement for reasons other than those enumerated in the statute. And further, there is a difference between a statute of limitations such as is involved in the Stone v. White, supra, case, and a closing agreement. A statute of limitations does not abolish a debt, it merely denies a remedy to collect it. A closing agreement involves mutuality, is steeped in finality by its nature and by the statute; its purpose is to dispose of tax controversies, to wipe out obligations, if any remain, on the part of both taxpayer and the government. It has all the attributes of a mutual release that the statute says cannot be set aside except on the grounds stated there. Commissioner of Internal Revenue v. Ingram, 3 Cir., 87 F.2d 915, 916; Wolverine Petroleum Corp. v. Commissioner of Internal Revenue, supra; Hering et al. v. Tait, 4 Cir., 65 F.2d 703, 705, 706; Ætna Life Ins. Co. v. Eaton, 2 Cir., 43 F.2d 711, 714.

The basis of denial of recovery in the Stone v. White case was on equitable grounds; there would be nothing equitable in supporting the contention of the government here. To do so would do violence to equitable principles. It would only result in inflicting an unjustifiable legal injury upon the beneficiary, James H. Proctor, assuming recovery here would inure to his benefit.

For these reasons the case of Stone v. White, supra, has no applicability whatsoever to the present controversy.

The defendant's motions for judgment are denied. Judgment to be entered for the plaintiffs in both cases with costs and interest according to law.

The requests of the defendant for findings of fact and conclusions of law, so far as they are consistent with the above, are granted, and, to the extent that they differ from the above findings and conclusions, they are denied.