McCAUGHN, Internal Revenue Collector, v. GIRARD TRUST CO.

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3604.

Internal revenue ⊙⇒7(14)—Rate of tax on income of estate held fixed by amount of shares of individual distributees (Revenue Act 1916, § 2, as amended by Act Oct. 3, 1917, § 1200 [Comp. St. § 6336b]).

A testator left his residuary estate in trust to ·accumulate. Some years later it was adjudged that the trust was invalid, and that the estate, with accumulations, descended as intestate property to the heirs at law of testator. *Held*, that the decree related back and fixed the status of the property from the beginning, and that income received by the trustee, which was also executor, was received as such executor, and was apportionable at regular intervals among the heirs; ·that under Revenue Act 1916, § ·2, as amended by Act Oct. 3, 1917, § 1200 (Comp. St. § 6336b), the rate of income tax thereon was based on the amounts of the shares of the individual distributees, and not on the amount of the income in bulk.

In Error to the District Court of the United States for the Eastern. District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the Girard Trust Company, trustee under the will of John J. Emery, deceased, against Blakely D. McCaughn, Collector of Internal Revenue. Judgment for plaintiff, and defendant' brings error. Affirmed.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and T. H. Lewis, Jr., and A. W. Gregg, both of Washington, D. C., for plaintiff in error.

Maurice Bower Saul and Joseph A. Lamorelle, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns federal taxes collected from the Girard Trust Company, executor and trustee under the will of John J. Emery. They were paid under protest, and this is a suit against the government to recover them back. Such recovery was allowed in .the court below, whereupon this writ of error was taken. The statutes involved are the Revenue Act of 1916 (39 Stat. 756), as amended by the Act of March 3, 1917 (39 Stat. 1000), and the Act of October 3, 1917 (40 Stat. 300), and the question involved is, as stated by the court below, "whether the tax should be measured by the trust estate income in bulk or by the shares of that income divided among the beneficiaries separately."

The facts are that John J. Emery, a resident of the state of Maine, died on September 5, 1908, leaving a will in which he directed that the funds involved here should accumulate. While his estate was in the course of administration, the gross income upon this fund was assessed with taxes for the years 1916, 1917, and 1918. Thereafter the question of validity of this accumulation trust was raised in the court of Maine having jurisdiction, with the result that by its decree, which was finally entered by consent, it was adjudged that "the complainants were entitled to the residuary estate absolutely and in fee, free of any trust, as well as the income therefrom with accumulations thereon." Referring to this decree, the court below said, and we agree thereto, that "this will sins against the policy of the law and the statutes enacted to enforce it is in effect admitted. That policy and these statutes nullify all provisions ‘of wills which create perpetuities and limit accumulations to a prescribed period of time." The effect of this decree was that, as to the fund here in question, which constituted the residuary part of the estate, the testator died intestate. Consequently the funds here in question did not pass as a trust, but as the residuary estate of the decedent, which belonged to his several heirs. The differing conclusions of the government and of these taxpayers depend on the time at which the tax status is fixed.

The contention of the government is that, when these taxes were laid, the trust provisions of the will were then in force, and that the government was entitled to levy its tax according to the then situation, and consequently to tax the income as one accruing to the estate in gross as a trust. The contention of the taxpayer is that the trusts

were then void, although not so judicially determined, and that the real situation was that the fund was really held by the trustee, who was also executor, as a residuary intestate estate, although that fact was not then, but subsequently, so decreed when the trust was adjudged void. We are of opinion that the taxation acts as to estates were passed by Congress with appreciation of the fact that, as a practical administrative question, estates would often be in an undetermined situation incident to subsequent litigation as to rights thereto, and the taxation liability could not in such cases be fairly determined and justly laid until such disputed questions were determined. In the light of this practical consideration, we are of opinion the taxpayer's right and liability depended on facts, and not on appearances; that such facts, though subsequently determined by judicial decree, justly referred back, in this case, for example, to the date of the testator's death, and the rights which then, as found by subsequent decree really accrued.

The court of Maine had the settlement of this estate in its grasp and sole jurisdiction. It was for it to determine whether the fund in question was an accumulating trust, held by the Girard Trust Company under a valid trust created by the will, or whether such trust was invalid, and that, consequently, as to this fund the testator died intestate, and that therefore it was in the hands of the Girard Trust Company as executor, and the real owners were the decedent's heirs under the intestate law. Such being the fact, it follows that the income of this fund was not the property of a trust estate accruing under a trust, but was the income payable individually to the several persons who inherited under the intestate laws.

It therefore seems to us that this situation was one aptly described by the proviso of the statute here quoted: "Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust: * * * Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed." Comp. St. § 6336b. As the facts were ultimately adjudged, the income regularly accruing on this residuary estate was regularly payable to the owners of it, and was taxable as their incomes.

The judgment below, which held the tax should be assessed, not in gross, but upon the individual shares of the heirs, is affirmed.