**FERGUSON, Former Collector of Internal Revenue, v. FORSTMANN.**

**GNICHTEL, Collector of Internal Revenue, v. SAME.**

Circuit Court of Appeals, Third Circuit.
March 15, 1928.

Nos. 3615, 3616.

1. **Internal revenue ⊙⟹7(35)—Corporation, which retained dividends declared pending determination of stock ownership in litigation between stockholder and Alien Property Custodian, was "fiduciary" (Revenue Acts 1918 and 1921, §§ 219, 200 [Comp. St. §§ 6336⅛a, 6336⅛ii]).**

Corporation, which retained dividends in its treasury until final determination of ownership of stock in litigation between stockholder and Alien Property Custodian, was trustee of the property for person thereafter to be ascertained, and was "fiduciary," within meaning of Revenue Acts 1918 and 1921, §§ 219, 200 (Comp. St. §§ 6336⅛a, 6336⅛ii), and treasury regulations thereunder.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fiduciary.]

2. **Internal revenue ⊙⟹7(35)—Income tax on dividends declared and retained by corporation, pending litigation between stockholder and Alien Property Custodian, held payable by corporation; "for the benefit of unascertained persons" (Revenue Acts 1918 and 1921, §§ 219, 200 [Comp. St. §§ 6336⅛a, 6336⅛ii]).**

Dividends declared by corporation, and retained and accumulated in its treasury pending determination of true ownership of stock in litigation between stockholder and Alien Property Custodian, *held* to constitute income accumulated "for the benefit of * * * unascertained persons," on which corporation was required to pay tax as fiduciary, under Revenue Acts 1918 and 1921, §§ 219, 200 (Comp. St. §§ 6336⅛a, 6336⅛ii).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, For the Benefit of.]

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suits by Adolfine Forstmann against Frank C. Ferguson, formerly Collector of Internal Revenue for the Fifth District of New Jersey, and against Edward E. Gnichtel, Collector of Internal Revenue for such district, for refund of income taxes paid. Judgment for plaintiff (17 F.[2d] 659), and defendants bring error. Affirmed.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., James S. Turp, Asst. U. S. Atty., of Trenton, N. J., and C. M. Charest and John R. Wheeler, both of Washington, D. C., for plaintiffs in error.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight and Robert H. Montgomery, both of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. These two cases are here on writ of error of the collectors of internal revenue. They are based upon the same facts and were tried together in the District Court. There are two suits, rather than one, because part of the tax in question was paid to one collector, and part to the other. They were tried to the court without a jury on stipulated facts.

There was a question as to the citizenship of Mrs. Adolfine Forstmann and her husband. In 1918 two suits were brought, one by A. Mitchell Palmer, Alien Property Custodian, and the other by Francis P. Garvan, his successor, against the plaintiff, who owned two blocks of stock, of 2,590 and 2,700 shares, in the Forstmann & Huffmann Company. The Alien Property Custodian, a stockholder of the company by virtue of the seizure of some stock of that company owned by Germans, brought a suit against the plaintiff to compel her to surrender to the corporation the 2,700 shares of stock, on the ground that they had been originally paid for by funds of the company. Later in that year Francis P. Garvan brought another suit against the same parties to compel the plaintiff to surrender and the company to transfer to him, as Alien Property Custodian, the 2,590 shares, on the ground that they were owned by alien enemies and as such had been seized by him. While these suits were pending the court entered orders restraining Mrs. Forstmann from transferring any of her stock in the Forstmann & Huffmann Company, and the company from paying dividends to her. These suits were dismissed on March 29, 1921, on motion of the Alien Property Custodian, before a final decision in them had been reached.

While the company was under injunction, dividends were declared on the stock of Mrs. Forstmann, $82,115 on March 31, 1919, and

$113,150 on February 28, 1920, a total of $195,265. When the suits were dismissed and the restraining orders vacated, these dividends were paid to Mrs. Forstmann. However, they were not credited to her account on the books of the company until the suits were dismissed on March 19, 1921, when they were paid, with interest of $12,881.68. Mrs. Forstmann did not include these in her income tax return for the years 1919 and 1920, for she had not received them when those returns were made. On March 15, 1922, she filed amended returns and included in her gross returns the $82,115 for 1919 and $113,150 for 1920, and accordingly paid additional taxes for those years amounting to $99,301.52.

The Forstmann & Huffmann Company in some way came to the conclusion that it, as "fiduciary" for "unascertained persons," should have paid the taxes on these dividends for the years when they were received by it, and so on January 3, 1924, filed its returns for 1919 and 1920. These, with interest, amounted to $53,811.68. Mrs. Forstmann, who had already paid $99,301.52, filed a claim for a refund of $45,489.84, the difference between the $53,811.68 and $99,301.50, but the Commissioner rejected the claim.

Subsequently the Commissioner ruled that the dividends and interest were taxable income for the year 1921, when they were received by Mrs. Forstmann and assessed an additional tax for that year of $122,537.72 and determined at the same time that she had overpaid for the years 1919 and 1920. After adjustments were made, he required her to pay an additional tax for 1921 of $28,523.63, together with interest. She filed a claim for refund on June 18, 1921, on the ground that the dividends were not taxable against her in 1921, but were taxable in the years declared, when they would have been paid but for the restraining orders of the government. This claim for refund was denied.

Thereupon she brought these suits. The court held that the dividends were income received and held in trust by the Forstmann & Huffmann Company as a "fiduciary" for "unascertained persons," as provided in the Revenue Acts of 1918 and 1921. The government has brought the cases here on writ of error.

Two main issues are involved: First, whether or not the taxes could be legally assessed against, and properly paid by, the Forstmann & Huffmann Company as a "fiduciary," and, second, whether or not, if the taxes should have been assessed against Mrs.

Forstmann, and not the "fiduciary," they were assessable against her for 1919 and 1920, when declared, or for 1921, when received. Admittedly tax was due the government on these dividends. It is, therefore, not the fact, but the amount, of the tax that is in dispute.

The amount depends upon whether the tax should have been assessed against the company or Mrs. Forstmann, and, if against her, then for 1919 and 1920 or for 1921. Section 219 of the Revenue Acts of 1918 and 1921 (Comp. St. § 6336⅛ii) provides:

"(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including. * * *

"(2) Income accumulated in trust for the benefit of unborn or unascertained persons. * * *

"(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts."

"(c) In cases under paragraph (1), (2) or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary."

A "fiduciary" is defined in section 200 of both the Acts of Internal Revenue of 1918 and 1921 (Comp. St. § 6336⅛a) as follows:

"The term 'fiduciary' means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust or estate."

[1] The order of the District Court directed that the dividends, declared and payable in 1919 and 1920, "be held in the treasury of the company until the final determination in this suit of the true ownership of this stock." Until this determination, the dividends were allowed to accumulate and were held in trust for this "unascertained" owner. Until then, the Forstmann & Huffmann Company was the trustee, conservator, or a person acting in a fiduciary capacity. While thus restrained from paying the dividends, the company was holding this property for the benefit of some person thereafter to be ascertained and was thus a trustee. Perry on Trusts and Trustees, vol. 1, § 1. Whether or not such trust be express or implied is unimportant, for the statute includes both. It received and held these dividends in trust for some person whose identity was unascertained in 1919 and 1920. It was thus a fiduciary, within the meaning of article 1521 of the Regulations 45 and 62.

[2] While the Forstmann & Huffmann Company was holding these dividends in obedi-

ence to the injunctive orders of the court, proceedings were being conducted to ascertain who was entitled to them, and during this time Mrs. Forstmann manifestly could not pay the taxes on them. They were income accumulated for the benefit of some person, yet unascertained. The government was entitled to receive the taxes for the years when the dividends were declared, but there was no one who could safely pay them, except this fiduciary company. It might have been negligent in making its returns, but that did not relieve it of its statutory duty, and it was "better late than never."

The action in these cases is akin to an equitable garnishment or equitable trustee process under statute. Phœnix Insurance Co. v. Abbott, 127 Mass. 558; Pendleton v. Perkins, 49 Mo. 565; Westwater v. Ferguson 22 Pa. County Ct. 582. The company holding the dividends was an equitable garnishee. Such a proceeding in form is an action at law, but in substance is an action in equity, to determine the ownership of property in dispute, and in some states is called a "trustee process." As the relation of debtor and creditor exists between the garnishee and his original debtor, so the relation of debtor and creditor existed between the company and Mrs. Forstmann, although another creditor stepped in and claimed the hitherto undisturbed right of the original creditor.

The Alien Property Custodian, in bringing these suits and obtaining these injunctions, was employing substantially equitable processes to establish his equitable rights, alleging that one block of the stock belonged to the company (of which he was a stockholder), because purchased with its money, and the other block, on being seized, belonged to him. Under the injunctive orders, the company was required to hold both of these until the rightful owner was ascertained.

These proceedings were clothed with the characteristics of a trust within the provision of section 219 (a) of the Revenue Acts of 1918 and 1921. Accordingly it seems to us that the dividends in question constitute income accumulated "for the benefit of * * * unascertained persons," the tax on which it was the duty of the company as "fiduciary" to pay.

This conclusion renders it unnecessary to consider the second question, as to whether or not, if the dividends were taxable to the plaintiff, the taxes should be paid as of the years when declared by the company, or the year when received by the plaintiff.

The judgment is affirmed.