## HART v. COMMISSIONER OF INTERNAL REVENUE.
### No. 2600.

Circuit Court of Appeals, First Circuit.
Jan. 5, 1932.

Alfred P. Lowell, of Boston, Mass. (Samuel H. Pillsbury, of Boston, Mass., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is a petition for review of a decision of the Board of Tax Appeals sustaining the Commissioner of Internal Revenue in his determination of a deficiency in the petitioner's income tax for the year 1926, amounting to $5,668.44.

The facts appearing in the record are as follows: In 1925, the New England Oil Corporation was in the hands of a receiver appointed by the United States District Court for the District of Massachusetts. Irving McD. Garfield was the receiver. A proceeding ancillary to the receivership was brought against Francis R. Hart and five others, who were members of a committee for the protection of the holders of certain notes of the oil corporation. After hearing, a decree was entered against the noteholders' committee,

May 15, 1926, adjudging that Hart and the five others were jointly and severally liable to the receiver of the oil corporation in the sum of $3,327,740.48, and that execution issue against them for that sum. The decree further directed that Garfield, as receiver, should forthwith distribute all amounts collected to certain creditors of the oil company. The defendants under the decree desired to appeal, but the combined resources of such as were within reach of the process of the court were insufficient to secure a supersedeas bond sufficient in amount to cover the judgment. In order to prevent a levy and sale upon execution of all his property, Hart filed in the District Court a petition for the segregation of assets pending appeal. The petition was granted June 4, 1926, the order being worded as follows:

"On the petition of Francis R. Hart for segregation of assets pending appeal, it appearing to the Court that the petitioner is about to file an appeal from the decree of May 15, 1926, and, constrained by said decree and by the danger of levy thereunder and not voluntarily is preparing to turn over certain property to the Receiver appointed by the Court in this cause, and the Receiver and counsel for Wiltsee and other creditors interested having been notified and having assented thereto; it is, Ordered and decreed, that the Receiver receipt for all securities, money and other property turned over to him by the respondent Francis R. Hart, and earmark, segregate and keep the same together with the income received thereon separate from other property, investing said income in United States Government securities, pending final determination of the appeal of said Hart from the decree of May 15, 1926, and upon such final determination, if said decree shall not be affirmed in whole or in part as to the said Hart said Receiver shall return said property, less income taxes and other charges thereon including reasonable compensation of the Receiver for keeping the said property to said Hart; if said decree shall be affirmed and/or modified as to said Hart said funds shall be held subject to further order of the Court. Leave is reserved to the receiver and any party in interest to apply for any other decree or order found necessary or expedient."

Following the entry of the above order, Hart, on the same day, turned over to Garfield, receiver, United States Liberty bonds of a value equal to his entire assets, which bonds were held by Garfield pursuant to the

above order until after the appeal to the Circuit Court of Appeals for the First Circuit was determined (see Hart v. Wiltsee, 19 F. (2d) 903) resulting in a reversal of the decree of the District Court entered May 15, 1926.

The receiver collected the coupons maturing on the bonds during the period they were held by him and invested the sums so collected in like securities. Some time in 1927 the bonds and accumulated income therefrom were restored to Hart. The receiver filed a separate income tax return for the year 1926, in which he reported the amount collected for interest on the bonds as income taxable to a trust, but it does not appear that any tax was assessed against the receiver or paid by him on account of such interest.

It further appears that Hart, the petitioner, in order to secure funds with which to purchase the Liberty bonds, became indebted to the American Trust Company in the amount of $475,000, represented by his promissory notes, bearing interest at the rate of 4½ per cent. payable semiannually. On December 4, 1925, the American Trust Company rendered petitioner a bill for interest to that date in the amount of $10,865.62. On the same date the petitioner gave the trust company his promissory note for the amount of the interest due, said note being payable six months from date and bearing interest at the rate of 4½ per cent. The bill for interest was stamped "paid" as of December 6, 1926. The American Trust Company on the same date entered the amount of the note as a credit to interest in its books of account.

The petitioner made his income tax return for 1926 upon the cash receipts and disbursements basis.

The assignments of error are seven in number, but really present only two questions, which are fairly covered by assignments numbered 5 and 7 as follows:

5. "That the Board of Tax Appeals erred in holding that the interest on the bonds held by the receiver constituted income of the petitioner for the year 1926."

7. "That the Board of Tax Appeals erred in holding that the amount of the note given by the petitioner in 1926 in payment of interest then due was not deductible under the provisions of section 214 (a) (2) of the statute."

A determination of the case seems to turn on the status of the Liberty bonds under the order of June 4, 1926, for the segregation of the assets. The petitioner claims that title to the bonds passed to the receiver, who was required to report the income tax and pay the amount assessed thereon.

The respondent claims that title to the bonds never passed out of the petitioner, and that the income therefrom constituted taxable income of the petitioner for the year 1926. The commissioner, in making a deficiency determination, adopted the latter view. The Board of Tax Appeals sustained the Commissioner.

The case must be determined under the Revenue Act of 1926, which took effect upon its enactment.

Section 219 (a) of the act provides that "the tax imposed by Parts I and II of this title shall apply to the income of estates of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust. * * *

"(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212," etc. 44 Stat. 32. Then follow certain exceptions which are unimportant in the determination of this case. Subdivisions (g) (h), above mentioned, are also inapplicable.

Revenue Act 1926, § 200 (b), 26 USCA § 931 (b), provides,

"The term 'fiduciary' means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person."

The respondent argues that section 219 relative to the taxation of the income of trusts and section 225 of the act (26 USCA § 966 and note), relative to the filing of returns by trustees, relate to trusts in a technical sense and not to every situation in which there may be the suggestion of a fiduciary relation. We believe that this is giving too narrow an interpretation to the language of the statute. It is the policy of the government to tax incomes above certain amounts of every class, with few exceptions, however and by whomsoever received or possessed.

Section 219 makes taxable income accumulated in trust for the benefit of unascertained persons or persons with contingent interests. The word "trust," as here used,

does not necessarily mean a technical trust, but has reference to any person who appears to be the custodian of funds belonging to another or to unascertained persons. Such a person is "acting in a fiduciary capacity" within the definition of "fiduciary" as appears in section 200 of the act.

Adverting to the facts in the case, it may be conceded that if Hart had failed to file a supersedeas bond on the appeal in the receivership case to stay execution and levy upon the petitioner's property, and if a levy had been made, the title to the proceeds therefrom would have vested in Garfield for creditors of the receivership estate. Garfield was under a decree of court to distribute forthwith whatever money he received to creditors of the oil corporation. The fact that a supersedeas bond could not be given did not prevent an appeal being prosecuted. In event of the appeal being successful if the money realized had been distributed to the creditors of the oil corporation, its receiver would have been in the difficult position of collecting the amount paid to numerous creditors and returning the same to Hart. With this situation confronting them, all parties in interest wisely adopted the course of segregating the assets. The fact that they were turned over to Garfield as receiver for the oil corporation did not give him any different interest in the fund than if it had been turned over to some third person. The creditors of the oil corporation and Hart had contingent interests therein, which contingent interest had passed out of the hands of Hart, so that neither had absolute title to the bonds. They might very properly be said to be in custodia legis, but as such the income therefrom was taxable. They were being held for the benefit of an unascertained person contingent upon the action of the Court of Appeals. Hart could not properly include the income from the bonds in his inventory for the taxable year 1926 because he did not know that the bonds and interest would be returned to him. The same might be said as to Garfield acting in his capacity as receiver. Who then should return the income for taxation? We hold that it must be the fiduciary who was custodian of the property, and who received the income therefrom.

In a case involving the facts herein, the test must be, who is the fiduciary having possession and control of the funds. He has knowledge of the income received, although he may have no beneficial interest therein.

Arguments directed to a consideration of the technicalities involved in a determination of the question in whom the legal title is vested, and as to whether or not a technical trust was established by the order of the court on June 4, 1926, appear outside the question.

The bonds were clothed with the characteristics of a trust within the provisions of section 219 (a) of the Revenue Act of 1926. Accordingly, the income in question constitutes income "accumulated for the benefit of * * * an unascertained person" the tax on which it was the duty of the receiver as fiduciary to pay. Ferguson, Collector, v. Forstmann (C. C. A.) 25 F.(2d) 47.

The respondent also has asserted the proposition that, because Garfield was appointed receiver of the oil corporation, he was exempt from filing returns under section 225 (a) of the Revenue Act of 1926 (26 USCA § 966 and note). Garfield was acting in a dual capacity. While as receiver of the oil corporation, appointed by the court, he may have been exempt from filing a return, yet, as custodian of the bonds, he was acting in a fiduciary capacity, either for Mr. Hart or for himself as receiver, whichever eventually recovered the funds in his possession. Ferguson v. Forstmann (C. C. A.) 25 F.(2d) 47.

The only other question involved in the case is whether or not the petitioner should be allowed to deduct the amount of his note given in payment of the interest on the $475,000 borrowed from the American Trust Company. The petitioner claims that, by virtue of the Massachusetts law, the giving of a note for interest is a discharge of the original obligation and a substitution therefor of a new and different obligation.

Briefly stated, the claim is that the note given for $10,865.62 was a payment of interest during the taxable year 1926. Federal taxing laws cannot be controlled by state statutes, or by rules of law governing decisions in state courts. Fidelity-Philadelphia Trust Co. v. Commissioner (C. C. A.) 47 F.(2d) 36, 38, wherein it is said: "It is well settled that a state law cannot be given an effect for tax purposes which conflicts with the provisions of a federal revenue law and defeats the collection of the tax."

The petitioner kept his books and accounts on a cash receipts and disbursement basis. Revenue Act of 1926, § 214 (a), 26 USCA § 955 (a) (2), provides: "In comput-

ing net income there shall be allowed as deductions: * * * (2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this chapter."

In United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799, it was held that: "Where the estate tax, though it accrued during the income tax year, was not paid until later, and the tax-payer's books were kept upon the basis of actual receipts and disbursements—not the 'accrual' basis—and the return showed such income only as was received during the tax year, the estate tax was not deductible in computing the taxable income of that year."

From this decision of the Supreme Court, we reach the conclusion that the word "paid," as used in the statute, refers to cash payments during the taxing year if the taxpayer's books are kept upon the cash receipts and disbursements basis, and that the word "accrued" has reference to books or accounts from which returns are made upon the accrual basis.

It is inconsistent with the cash receipts and disbursement method of accounting that the petitioner be permitted to claim a deduction where there has been no actual payment of cash. This basis of accounting requires that he report only actual receipts and deduct only actual disbursements.

The fact that the American Trust Company stamped the bill for interest "paid" and entered the amount of the petitioner's note as a credit to interest on its books of account does not establish a cash payment entitling the taxpayer to a deduction for interest paid where his return is on a cash basis. If the note is never paid, the taxpayer has parted with nothing more than his promise to pay. A promise to pay is not cash, and a deduction from interest is permissible only in the taxable year in which the taxpayer pays cash. Eckert v. Burnet, 283 U. S. 140, 51 S. Ct. 373, 75 L. Ed. 911; United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799; Osterloh v. Lucas (C. C. A.) 37 F.(2d) 277.

The decision of the Board of Tax Appeals is reversed in part and sustained in part, and the case is remanded to that board for further proceedings not inconsistent with this opinion.