## DeBRABANT v. COMMISSIONER OF INTERNAL REVENUE.

No. 349.

Circuit Court of Appeals, Second Circuit.

June 7, 1937.

Edward L. Blackman, of New York City, for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The trustee of an express trust received during the year 1930 certain dividends from stock of the United Verde Copper Company, a mining corporation, held as an investment of the trust. It refrained from distributing a portion of these dividends to the beneficiary, who is the taxpayer in the present proceeding, to whom the income of the trust was currently distributable, in the belief that the portion withheld constituted corpus, and not income, of the estate. In 1933 the Court of Chancery of New Jersey decided that the dividends were wholly income. The portion retained was thereupon paid to the beneficiary of the trust.

The question raised by the present appeal is whether the decision of the Board of Tax Appeals that the dividends should have been reported by the beneficiary as a part of her income for the year 1930 and she should have paid income taxes thereon was correct, or whether the portion retained was taxable to the trustee for that year. In our opinion the Board of Tax Appeals reached the right conclusion.

The Commercial Trust Company of New Jersey, as trustee under a trust agreement executed by William Andrews Clark, the settlor, dated February 16, 1918, held 36,000 shares of capital stock of United Verde Copper Company, and, as such trustee, received a distribution on that stock of $12 a share, or a total of $432,000 on January 15, 1930, and a further distribution of $5 per share, or a total of $180,000 on April 15, 1930. Of these distributions the trustee paid to the taxpayer-beneficiary during the year 1930 $77,644.80 of the January 15th distribution, but retained and did not pay or credit to the taxpayer the remainder of the distribution of January 15th or any of the distribution of April 15th. The distributions above mentioned were made in part from a depletion reserve of the company set up pursuant to determination of the Bureau of Internal Revenue to take account of the grad-

ual exhaustion of the ore bodies of the United Verde Copper Company.

The trust was for the benefit of the taxpayer herein and her issue and was limited in duration to two lives in being; namely, those of Katherine Clark Culver and William Andrews Clark III, the grandchildren of the settlor. Upon the death of the survivor, or upon the death without issue of the taxpayer, or upon the death of her issue, during the period of the two lives, the trust was to cease, and upon termination thereof the capital with any unexpended income was to be paid to the taxpayer if living, or, if not living, to her issue per stirpes, and, in case neither she nor any issue of hers should be living at the time of the termination, the trust fund should revert to the settlor. During the continuance of the trust payment of income should be made to the taxpayer during her life and after her death to her issue per stirpes. The trust deed likewise contained the following provision:

"Eighth: In case securities are taken or purchased for the trust fund at a premium, the Trustee shall not be required to set aside any part of the income thereof as a sinking fund to retire or absorb such premium, or to make any other provision for possible depreciation in the value of the securities constituting the trust fund by reason of the approaching maturity of said securities or otherwise."

During the times in question the taxpayer Mary Clark de Brabant was life beneficiary of the trust and was entitled to payment of the net income derived therefrom. Grandchildren of the taxpayer who were infants were probable ultimate remaindermen under the trust deed and the trustee in good faith, and solely to protect itself from having to pay the same funds to two beneficiaries, declined to pay or to credit to the petitioner any part of the dividends of the United Verde Copper Company distributed in the year 1930 in excess of $77,644.80 in the belief that they represented a capital distribution and were not income of the trust.

The taxpayer thereafter brought suit in the courts of New Jersey for a construction of the trust deed and succeeded in obtaining a decree of the Chancellor that she was entitled to the entire distributions we have mentioned, regardless of whether they came from profits of the mining company or from depletion reserves. The tax-

payer was on a cash basis for the year 1930. It was stipulated that, if the dividends paid to the trustee and withheld by it as above stated were distributable income to the taxpayer in the year 1930, a tax deficiency should be entered against her for the sum of $28,818.48.

Section 161(a) (1) and (2) and (b), and section 162 (b) of the Revenue Act of 1928, 45 Stat. 838 (26 U.S.C.A. §§ 161, 162 and notes), determine the person subject to taxation in the present case. They read as follows:

"§ 161. *Imposition of tax*.

"(a) *Application of tax*. The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including:

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct; * * *

"(b) Computation and payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 142."

"§ 162. *Net income*.

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that— * * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

The question before us is whether the income received by the trustee in 1930, which the New Jersey Court of Chancery held to belong to the taxpayer, was: "Income accumulated in trust for the benefit of * * * unascertained persons, * * * and income held for future distributions under the terms of the * * * trust," in which case it was taxable against the trustee, or whether it was "income * * * to be distributed currently by the fiduciary to the beneficiaries," in which case it was deductible by the trustee in its return but to be "included in computing the net income" of the beneficiary and taxable against her.

It seems evident that the income of any trust which under the terms of the trust instrument is made payable to a life beneficiary is "to be distributed currently by the fiduciary," but that it was to be thus distributed here is especially plain because of the direction in the trust deed that "all payments of income hereunder shall be made on the second days of January and July in each and every year." We are satisfied that the instrument specifically provides for current distributions of income and can nowhere find in it even a suggestion of an accumulation of income "for the benefit of * * * unascertained persons." The clause of section 161(a) (1) of the Revenue Act of 1928 (26 U.S.C.A. § 161 and note) which refers to accumulations of income for "unascertained persons" indicates the sort of persons contemplated when it uses the words "unborn" and "with contingent interests" to describe the class it has in mind. Thus under the rule of "ejusdem generis," as well as by reason of the almost inevitable meaning of the words "unascertained persons," reference is made to those whose identification depends on future contingencies rather than on a correct understanding of the application of the law to existing facts.

Counsel for the taxpayer, however, argues that the words "unascertained persons" mean persons whose rights cannot safely be determined by a trustee and argues with much earnestness that only by treating as within section 161(a) (1) situations where the trustee cannot, without litigation, ascertain to whom income should be distributed, can taxes be promptly collected or safely paid. While it is doubtless true that any other rule may involve occasional hardships to taxpayers, similar hardships are frequently incurred by corporations and private individuals reporting on an accrual basis. Such persons must often either run the risk of ultimately paying a high statutory rate of interest by not including in their returns items of income which they believe belong to principal or, as an alternative, take the chance of including the items as income, paying taxes upon items which may later be determined to be capital in order to avoid the risk of penalties. If they adopt the latter alternative, they can only have recourse to the slow process of recovering back the sums they have paid out in the event the items in question were not properly taxable.

We can see no difference in the likelihood of hardship between the present case and numerous other situations that frequently occur. Indeed, the chance of divergence between the rulings of the commissioner and those of the courts as to the persons to whom income is "to be distributed currently" by a trustee is perhaps likely to be less than differences in other situations where taxes are assessed and the taxpayer must either seek a review before the Board of Tax Appeals or pay the tax and sue at law for recovery.

The taxpayer insists that the authorities are against the views we have expressed, but we are not persuaded that such is the case.

In Freuler v. Helvering, 291 U.S. 35, 42, 44, 54 S.Ct. 308, 311, 78 L.Ed. 634, the effect of sections of the Revenue Act of 1921 similar to those of the Revenue Act of 1928 were under consideration. A trustee there had paid out income to a beneficiary without making proper deductions for depreciation. It was held that the taxpayer was liable to tax only upon the income of the trust after making proper allowances for depreciation. It was stated by Justice Roberts, who wrote the opinion, that:

"For the purpose of imposing the tax the act regards ownership, the right of property in the beneficiary, as equivalent to physical possession. The test of taxability to the beneficiary is not receipt of income, but the present right to receive it. * * *

"The respondent suggests that income distributable within the meaning of the section is income which was reasonably regarded by the parties as distributable at the time it was distributed. We think such

a construction would do violence to the plain import of the words used. * * *

"We understand the respondent to concede the binding force of * * * an antecedent order of the court having jurisdiction of the trust, pursuant to which payments were made. But, if the order of the state court does in fact govern the distribution, it is difficult to see why, whether it antedated actual payment or was subsequent to that event, it should not be effective to fix the amount of the taxable income of the beneficiaries."

In McCrory v. Commissioner, 69 F.(2d) 688, 690 (C.C.A.5), a trustee to liquidate holdings of real estate had failed to set aside during the year 1924 amounts of income sufficient to discharge taxes and expenses of the trust and to distribute the remainder to the beneficiaries at the end of the year. He stated that he did not do these things, though they were prescribed by the terms of the trust deed because gift and other taxes that were burdens upon the trust had not been adjusted with the federal government during the year. The question before the court was whether the remainder of the income for 1924 after setting aside sums estimated as sufficient to discharge the trust burdens was taxable against the beneficiaries. The court held that the trustee ought to have set aside the required sums and that the remainder was income "to be distributed currently" to the beneficiaries and taxable to them. Sibley, J., said:

"The test here is not what this trustee thought or did, but what his trust empowered or required him to do. What instruction would a court of equity, if appealed to on December 31, 1924, have given him?"

In Letts v. Commissioner, 84 F.(2d) 760 (C.C.A.9), a large distribution was made to trustees in the year 1927, and the question arose as to what part of it was taxable to the beneficiary. This was not determined by the California state court until the following year. The Circuit Court of Appeals for the Ninth Circuit held that taxes upon the net income in the hands of the trustees for the year 1927 were assessable to the beneficiary. See to the same general effect United States v. Arnold, 89 F.(2d) 246 (C.C.A.3), and Mc-Caughn v. Girard Trust Co., 19 F.(2d) 218, (C.C.A.3).

■ By the Revenue Act of 1918 it was provided that trust income "which is to be distributed * * * periodically, whether or not at regular intervals" is taxable to the beneficiaries and not to the trustee. Section 219 (c) (d) and section 219 (a) (4); section 219 (d), 40 Stat. 1071. By the Revenue Act of 1921 it was provided that trust income "which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year," is taxable to the beneficiary and not to the trustee. Section 219 (a) (4); section 219 (b) (c) (d), 42 Stat. 246. By the Revenue Act of 1924 it was provided that: "Income * * * which is to be distributed currently by the fiduciary to the beneficiaries * * * whether distributed to them or not" is taxable to the beneficiary and not to the trustee. Section 219 (b) (2), 43 Stat. 275. Counsel for the taxpayer argues that the change in the wording of the provision in the Revenue Act of 1924 which is carried into the Revenue Act of 1928 indicates an altered purpose on the part of Congress and shows that the mere legal right to receive income is no longer the basis for determining the incidence of the tax. We have given this argument careful consideration and are not persuaded that it has weight. The Revenue Act of 1921 which was under consideration by the Supreme Court in Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634, received the construction that has guided us in holding that the income here was distributable to the taxpayer in the year 1930. No change of law so fundamental as that involved in the interpretation of the act of 1928 sought by the taxpayer would have been adopted by Congress without language clearer and more persuasive of an altered intent.

■ It is further contended by counsel for the taxpayer that Ferguson v. Forstmann, 25 F.(2d) 47 (C.C.A.3), Hart v. Commissioner, 54 F.(2d) 848 (C.C.A.1); Buckley v. Commissioner, 66 F.(2d) 394 (C.C.A.2), and Commissioner v. Owens, 78 F.(2d) 768, 774 (C.C.A.10), support the view that such income as we are dealing with was "accumulated in trust for the benefit of * * * unascertained persons." Our decision in Buckley v. Commissioner, supra, plainly is not in point, for it related to a trust where income was accumulated for remaindermen whose identity could not in fact be determined until after the death of a life tenant. In Ferguson v. Forstmann, Hart v. Commissioner and Com-

missioner v. Owens, trust funds were set up by court orders providing for the collection and accumulation of income until the persons entitled to both income and capital were determined by litigation. In other words, the trusts were created to await the uncertainty of litigation. Whether or not such trusts came within the classification, in respect to incidence of taxes, of trusts to accumulate income for the benefit of unascertained persons, they were certainly quite different from the trust before us and in none of them was the income "currently" distributable. In any event, we think the income of the trust here clearly falls within the description of "income which is to be distributed currently by the fiduciary to the beneficiaries," and sections 161 (a) (2) and 162 (b), Revenue Act 1928 (26 U.S.C.A. §§ 161, 162 and notes) govern the incidence of the tax.

The order of the Board of Tax Appeals is affirmed.