Francis L. HIGGINSON, G. Peabody Gardner and William A. Coolidge, as Trustees Under Deed of Trust dated February 12, 1913, made by T. Jefferson Coolidge, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 54–540.

United States District Court
D. Massachusetts.

Jan. 6, 1956.

Harry K. Mansfield, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for plaintiffs.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action brought under Section 1346(a) (1) of the Judicial Code, 28 U.S.C.A., to recover federal income taxes paid by the plaintiffs for the calendar years 1947, 1948, 1949, and 1950. The facts have been stipulated and are as follows.

The plaintiffs are the duly appointed successor trustees under a trust established by T. Jefferson Coolidge, late of Manchester, Massachusetts, by deed of trust dated February 12, 1913 (herein-after called the Trust). The settlor directed the trustees to make semi-annual distributions of the net income of the entire trust fund to designated beneficiaries. He conferred upon the trustees the discretion to retain or otherwise apply the share of any person or persons who may be "under any disability * * * whereby it shall not be lawful for the trustees to make payment directly to such person or persons, * * *". The settlor retained to himself a power to alter or amend the trust by deed. He died in 1920, leaving a will with a residuary clause, never having exercised his power to alter or amend.

During the calendar years 1947 through 1950 (hereinafter referred to as the taxable years) the trustees received and collected income from the trust fund. During the taxable years, none of the trust income was paid out to beneficiaries by the trustees after August 12, 1947. Prior to making semi-annual distribution of income scheduled for February 12, 1948, the trustees were notified by attorneys representing the estates of certain residuary beneficiaries under the will of the settlor of their contention that the remainder interests and the life estates of the Trust were invalid as violative of the Rule against Perpetuities, and their recommendation that further income payments should not be made until the questions raised should be determined. Upon advice of counsel, the trustees agreed to suspend all payment of income, including the February 12, 1948, payment, until the matter should be resolved.

On June 29, 1950, suit was instituted in the Massachusetts Probate Court by one of the beneficiaries under the Trust for a decree declaring the trust valid. On May 29, 1951, decrees in equity were issued declaring that the life interests in the Trust were valid and effective, but that the remainders of principal were invalid and void. October 21, 1951, was to be the termination date of the trust.

Accordingly, all parties agreed to a compromise which became effective on

December 4, 1951. The effect of this compromise was to make final and binding the decisions of the Probate Court holding the life interests to be valid. On October 31, 1952, the Supreme Judicial Court of Massachusetts held that the remainder interests were valid.

The income of the trust during the taxable years was retained by the trustees, acting within their discretion, to insure proper distribution and avoid the personal risk of improper distribution. This objective was desirable. In filing income tax returns for the Trust, the trustees claimed for the years 1947, 1948, and 1949, as deductions those portions of the Trust income which were distributable to the beneficiaries, though not distributed. On January 10, 1951, the Commissioner of Internal Revenue issued to the trustees a notice of deficiency for the years 1947, 1948, and 1949, determining as deficiencies those amounts which the trustees had deducted as distributable income for the respective years on the ground that the trust income withheld because of the controversy was not distributable to the beneficiaries and so was taxable to the Trust. On February 8, 1951, the trustees paid under protest these deficiencies with interest. On March 15, 1951, the Trustees paid under protest the tax upon the entire income after expenses for the calendar year 1950, showing no income as distributable, based upon the Commissioner's notice of deficiency for the years 1947 through 1949. On June 9, 1952, the trustees filed claims for refund of the taxes and interest paid, with respect to the taxable years. On August 14, 1953, the Commissioner denied each of these claims for refund.

By this action the plaintiffs seek recovery of those amounts paid under protest with interest. The total amount is Nine Hundred Fourteen Thousand, Four Hundred Sixty-Four Dollars, and Seventy-Nine Cents ($914,464.79). Had the trust been declared invalid, the trust property would have reverted to the settlor's estate, and would have been distributed under his will and codicil to persons having vested interests in the estate. In a number of cases these persons were income beneficiaries under the trust. The shares of these persons who occupied a dual role, amount to thirteen twenty-sevenths of the estate settled. As alternative relief, the plaintiffs seek recovery of that portion of the tax allocable to these shares, arguing that there was never any dispute as to their rights or identity as beneficiaries of the estate.

In suing for complete recovery on these claims, the plaintiffs rely upon the deduction allowed under I.R.C.1939, Section 162(b), 26 U.S.C.A. § 162(b). In particular, their claims are based upon the following portion of this section:

"There shall be allowed as an additional deduction in computing the net income of the * * * trust the amount of the income * * * for its taxable year which is to be distributed currently by the fiduciary to the * * * beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the * * * beneficiaries whether distributed to them or not."

According to the trust instrument the income of the trust was currently distributable. It provided for semi-annual distribution of the net income to designated beneficiaries. The provision for payment was mandatory, and did not allow the trustees the exercise of discretion in making such payments of net income, with one exception. This exception was the provision that if a beneficiary should be under any legal disability, "whereby it shall not be lawful for the trustees to make payment to such person", the trustees were directed to retain that beneficiary's share of the net income, and in their discretion apply it for care and support of such beneficiary or his immediate family. After the cessation of such disability the trustees were to pay over such accumulations, or add them to the capital of the trust fund. This provi-

sion is a safeguard and does not change the character of the mandate to make semi-annual distribution of the net income to designated beneficiaries. The tax is applicable under I.R.C.1939, Sec. 161(a) (2), 26 U.S.C.A. § 161(a) (2). The determination of the claims rests upon the relation of the income in question to the proper construction of Sec. 162(b). If it applies, then the trustees were not liable for payment of the tax during the taxable years. The government contends that this section ceased to apply when the trustees withheld distribution of the income to the beneficiaries, pending judicial determination of the trust's validity. However, the trustees' decision not to distribute does not, in and of itself, rob the income of its character as currently distributable. The income tax provisions applicable to trust income must be the source of accurate characterization. By their terms the kind of trust created by the settlor was a Trust, the income of which was to be "currently distributable". Being currently distributable, the beneficiaries had a right to receive it. "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it". Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 311, 78 L.Ed. 634. See also Plimpton v. Commissioner, 1 Cir., 135 F.2d 482.

▆▆ The fact that the trustees did not distribute the income does not place the income under Sec. 161(a) (4), because that section refers to discretion to distribute allowed by the terms of the trust. Nor is Sec. 161(a) (1) controlling, because it refers to "unascertained persons", "whose identification depends on future contingencies rather than on a correct understanding of the application of the law to existing facts". DeBrabant v. Commissioner, 2 Cir., 90 F.2d 433, at page 435.

Counsel for the government urge the authority of Ferguson v. Forstmann, 3 Cir., 25 F.2d 47; Hart v. Commissioner, 1 Cir., 54 F.2d 848; Buckley v. Commissioner, 2 Cir., 66 F.2d 394; and Commissioner of Internal Revenue v. Owens, 10 Cir., 78 F.2d 768; as dispositive of this case. Of these cases, the Buckley case concerned a trust, the income of which was to be accumulated for remaindermen, whose identity could not be determined until the death of a life tenant. Clearly, this case is not in point. In the other cases, trust funds were created by court orders which provided for the collection and accumulation of income to await the uncertainty of litigation. In none of the above cases was the income currently distributable. Counsel for the government argue that the trustees' actions in not distributing the income as the trust dictated merely avoided the necessity of a court order requiring that they accumulate the income pending litigation. This argument is speculative. What actually occurred in the Massachusetts Court was that one of the beneficiaries of the trust prayed that the trustees be compelled to distribute her share of the accumulated trust income and to administer and distribute the trust property in accordance with its terms. The decree of the Probate Court ordered the trustees to distribute the income forthwith. This decree has the effect of determining that the beneficiaries had a continuing right to the income, as it was to be distributed semi-annually. Their right to the income did not arise with the Court's decree. It was rather a matter of the Court enforcing their pre-existing rights by decree. Accordingly, the incidence of taxability should properly be grounded on the decisions of state courts, Bedford v. Commissioner of Internal Revenue, 2 Cir., 150 F.2d 341, rather than upon a decision of trustees acting with an understandable desire to avoid personal liability or improper distribution. In this case we have the decisions of the Massachusetts Courts construing the trust as valid, and they must be given effect.

### Conclusions of Law

▆▆ I rule that the income withheld by the trustees during the taxable years was currently distributable to the beneficiaries, and is within the purview of

Section 162(b), Internal Revenue Code of 1939. It is an allowable deduction in computing the net income of the trust during the taxable years 1947 through 1950, and accordingly, judgment must be entered for the plaintiffs.