T.C. Memo. 2000-225

UNITED STATES TAX COURT

JEFFREY MICHAEL STEINGOLD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19841-98.                       Filed July 28, 2000.

Jeffrey Michael Steingold, pro se.

<u>Dustin M. Starbuck</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated October 29, 1998, respondent
determined deficiencies of $4,782 and $9,237, and additions to
tax, pursuant to section 6651(a)(1), of $530 and $1,882, relating
to petitioner's 1993 and 1994 Federal income taxes, respectively.
Unless otherwise indicated, all section references are to the

Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether: (1) The notice of deficiency relating to petitioner's 1993 return was timely; (2) petitioner is liable for tax relating to undistributed trust income; and (3) petitioner is liable for additions to tax for failing to file his 1993 and 1994 returns in a timely manner.

## FINDINGS OF FACT

Petitioner resided in Ashland, Virginia, at the time the petition was filed. Petitioner filed his 1993 and 1994 returns on September 23, 1994, and December 15, 1995, respectively. The notice of deficiency was sent to petitioner on October 29, 1998.

Petitioner was a beneficiary of a trust which provided that he receive "the entire net income of his respective share, in convenient installments." The trustee had the discretion to distribute principal. No distributions were made from the trust in 1993 or 1994. An order of the Virginia Beach Chancery Court (State Court), dated February 17, 1994, required the trustee to retain all trust income. Subsequently, the State Court terminated the trust and distributed petitioner's share to satisfy his obligations.

OPINION

1.   Timeliness of Notice of Deficiency

Petitioner filed his 1993 return on September 23, 1994, and respondent mailed the notice of deficiency on October 29, 1998. Generally, a tax must be assessed within 3 years after the date on which the return was filed, unless the period is extended by agreement.  See sec. 6501.  Respondent contends that, on February 18, 1997, petitioner signed a Form 872 (i.e., Consent to Extend the Time to Assess Tax) extending the limitations period relating to petitioner's 1993 return.  Respondent further contends that he lost the original Form 872.  Respondent, however, offered a copy of a Form 872 that was undated and allegedly signed by petitioner.  An individual's name signed on a document creates a rebuttable presumption that such individual signed the document. See Hennen v. Commissioner, 35 T.C. 747, 748 (1961).  Petitioner, however, contends he did not sign any document extending the limitations period, and we find his testimony credible.  In addition, the testimony of respondent's witnesses (i.e., an Internal Revenue Service agent and a handwriting expert) was not convincing.  We conclude that petitioner did not extend the limitations period, and, accordingly, the notice of deficiency relating to 1993 was not timely.

2.  Trust Income

The terms of the governing instrument and applicable local law determine whether trust income is required to be distributed currently (i.e., whether the beneficiary has a present right to receive income).  See sec. 1.651(a)-2, Income Tax Regs.  If trust income is currently distributable, and no other distributions are made in a taxable year, the trust is a simple trust.  Tax treatment of a simple trust is governed by sections 651 and 652.  Section 651(a) allows the trust a deduction for income "required to be distributed currently".  Section 652(a) subjects the beneficiary to taxation on amounts "required to be distributed, whether distributed or not."

A trust not governed by the simple trust provisions is subject to the complex trust provisions.  "A trust may be a simple trust for one year and a complex trust for another year." Sec. 1.651(a)-1(b), Income Tax Regs.  Pursuant to sections 661 and 662, only that part of the trust income which is paid or credited to the beneficiary during the year may be deducted by the trust and taxed to the beneficiary.  The trustee of a complex trust may have discretion to accumulate or distribute all, or part, of the income to the beneficiary.  Thus, the Code assures that income distributions will "appear in the fiduciary's return, if they are still his; in the beneficiary's, only in case he has become presently entitled to them, or received them."

Commissioner v. Stearns, 65 F.2d 371, 373 (2d Cir. 1933).  In essence, the Code is designed to impose tax on the owner of trust income, and a present right to receive income is equivalent to current ownership of such income.  See Freuler v. Helvering, 291 U.S. 35, 42 (1934).

Respondent contends that petitioner had a present right to receive income.  Petitioner contends he had no such right.  Respondent relies on a line of cases which hold that income is taxable to the current income beneficiary even though the trustee withheld distributions to such beneficiary during the course of State legal proceedings.  See United States v. Higginson, 238 F.2d 439 (1st Cir. 1956); Estate of Bruchmann v. Commissioner, 53 T.C. 403 (1969); DeBrabant v. Commissioner, 34 B.T.A. 951 (1936), affd. 90 F.2d 433 (2d Cir. 1937).  In each of these cases, however, the trustee exercised discretion and was not required to accumulate trust income.

Because of the State Court order, petitioner did not have a present right to receive income distributions in 1994.  See Blair v. Commissioner, 300 U.S. 5 (1937)(holding that State law determines the right of the beneficiary to trust income).  The State Court order represented petitioner's rights under Virginia law.  See Young v. Commissioner, 110 T.C. 297, 300 (1998)(stating that Federal authorities must give "proper regard" to relevant State court rulings, quoting Commissioner v. Estate of Bosch, 387

U.S. 456, 465 (1967)).  Although the trust was a simple trust in prior years, in 1994, it was a complex trust.  Accordingly, petitioner was not required to report the undistributed trust income.

3.  <u>Addition to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a required return on the date prescribed, unless such failure is due to reasonable cause and not willful neglect. Petitioner failed to present any evidence relating to this issue. Accordingly, respondent's addition to tax for 1994 is sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.